444 So.2d 841 (1984)
Robert FORD a/k/a Robert Forbes
v.
STATE of Mississippi.
No. 54663.
Supreme Court of Mississippi.
January 25, 1984.
M. Charles May, Jackson, for appellant.
*842 Bill Allain, Atty. Gen. by Billy L. Gore, Asst. Atty. Gen., Jackson, for appellee.
Before WALKER, P.J., and ROY NOBLE LEE and BOWLING, JJ.
WALKER, Presiding Justice, for the Court:
This is an appeal from the Circuit Court of the First Judicial District of Hinds County, Mississippi, wherein appellant was indicted and tried for armed robbery. Upon conviction he was sentenced to a term of twenty-five years in the custody of the Mississippi Department of Corrections; 10 years suspended, 15 years to serve. Aggrieved with the lower court's ruling, he has perfected his appeal to this Court.
The judgment and sentence of the circuit court must be reversed and this cause remanded for a new trial for the reason that the state failed to produce a statement of the defendant to a detective of the Jackson Police Department on the day after the robbery and which statement had been transcribed and incorporated into a police report.
Prior to the officer testifying, Ford, through his attorney, stated that a motion had been made for discovery of all statements, oral or written, made by his client to any officer or to anyone else. The appellant contends his request for discovery was made prior to trial. This assertion is not denied by the state.
Rule 4.06 of the Uniform Criminal Rules of Circuit Court Practice reads in pertinent part, as follows:
The prosecution shall disclose to each defendant or to his attorney, and permit him to inspect, copy, test, and photograph upon request and without further order the following:
... .
2) Copy of any recorded statement of the defendants to any law enforcement officer; ...
It was not until the state's witness, Robert Patton, who was called in rebuttal in order to impeach defendant's testimony that Ford's counsel became aware of the existence of the recorded statement. Ford, while testifying in his own behalf, denied that he had been in the vicinity of the Taylor Maid Convenience Store (the location of the robbery) on the night in question. Officer Patton, however, testified that Ford, while being questioned, admitted being in the area of the Taylor Maid Store on the night of the robbery.
In Jackson v. State, 426 So.2d 405 (Miss. 1983), this Court held it was error for the lower court to deny appellant's motion to instruct the jury to disregard or grant a mistrial after admitting testimony on rebuttal concerning an incriminating statement which was transcribed after having been made by the defendant to a law officer and had not been furnished to defendant's counsel in accordance with the request for discovery under Rule 4.06. Defense counsel had not been made aware of the statement until he noticed the officer reading or refreshing his memory from some sort of writing during rebuttal. The writing, a written memorandum, was held to be a discoverable statement.
In the more recent case of Morris v. State, 436 So.2d 1381 (Miss. 1983) we noted: "That portion of Rule 4.06 which mandates the production of statements made by an accused, in whatever form preserved, has been authoritatively construed by this Court in Jackson v. State, 426 So.2d 405 (Miss. 1983)." In Morris, as in the present case, the defense counsel made a request for production of any statements made by the defendant to law enforcement officers. Shortly after the defendant's arrest he was interviewed by several officers who tape recorded the interview and later had it transcribed verbatim. Only one page of the transcribed interview contained information relating to the case before the court. It was not until the state's witness, who was called in rebuttal and produced the statement in order to impeach defendant's testimony, that counsel became aware of its existence. We held that the statement was discoverable under Rule 4.06 and *843 stated "We reverse here because the State was obliged to produce the statement but didn't, not because Morris was prejudiced."
In response to whether or not such request must be in writing or not, we held:
We hold that, where no discovery order has been entered, the request for discovery under Rule 4.06, to be enforceable, must be in writing.[1] We emphasize our past holdings that a formal motion and court order are by no means necessary. The parties are free to proceed, indeed are encouraged to proceed, informally and without invoking the processes of the court (which, to be sure, are available in the event disputes should arise). A letter or other similar informal written format may be employed in making the request for discovery under the above rule.
436 So.2d 1387.
Although this writer dissented in Morris, being of the opinion prejudice should be shown, the majority was of a different view and the dictates of Morris must be followed.
The remaining assignments of error we find without merit requiring no further discussion.
For the above reasons, the judgment and sentence of appellant are reversed and this cause remanded for a new trial.
REVERSED AND REMANDED FOR A NEW TRIAL.
PATTERSON, C.J., BROOM, P.J., and ROY NOBLE LEE, BOWLING, HAWKINS, DAN M. LEE, PRATHER and ROBERTSON, JJ., concur.
NOTES
[1] This ruling with regard to the discovery rule was given prospective application only. (The opinion in Morris was handed down on September 7, 1983).