460 So.2d 104 (1984)
Ronnie FRANKLIN
v.
STATE of Mississippi.
No. 54915.
Supreme Court of Mississippi.
July 18, 1984.
Rehearing Denied December 12, 1984.
Lawrence D. Arrington, Hattiesburg, for appellant.
Bill Allain, Atty. Gen. by Catherine Walker Underwood, Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, C.J., and HAWKINS and PRATHER, JJ.
PRATHER, Justice, for the Court:
The defendant, Ronnie Franklin, was tried and convicted in the Circuit Court of Pearl River County, Judge R.I. Prichard, III presiding, of burglary of a dwelling. He appeals his conviction and sentence of ten years, arguing that:
(1) The court erred in admitting an oral statement made by the defendant at the time of his arrest that was not revealed after a purported verbal request for discovery; and
(2) The court erred in granting state's instruction on aiding and abetting the commission of the burglary.
We affirm.

I.
Margaret Siler and her husband, Ervin Siler, resided in a home located in Pearl River County, near Picayune. Residing with them was their oldest daughter, Ginger, and her son, Joshua. Their oldest son, Kirk Siler, held a job in Louisiana, but lived with his parents on the weekends where some of his personal belongings remained.
On February 5, 1982, at a time when Ervin Siler was out of town and Kirk was *105 working in Louisiana, Margaret and her daughter and grandson left for Bogalusa, Louisiana. Before leaving they closed all windows and doors; however, the doors were not locked. Upon returning home, they discovered one of their dogs outside the house.
Upon Kirk's return home for the weekend, he discovered that his Browning .12 gauge shotgun was missing. Kirk's mother had last seen the gun three days earlier in Kirk's bedroom, and Kirk last saw it on the previous weekend when he showed it to a friend, C.T. Boone.
Detective Gary Hale of the Pearl River County Sheriff's Department was notified of the missing shotgun. Hale's investigation revealed that the defendant and C.T. Boone had taken the shotgun to a gun shop in Picayune where they sold the gun to the shop owner, Willie Ray Penton.
Detective Hale went to the Siler home and obtained a detailed description of the gun from Kirk. Kirk then accompanied Hale to the gun shop, but prior to being shown the gun, Kirk described in detail its case and the gun itself. Upon viewing, Kirk positively identified the case and the Belgium made Browning .12 gauge gun with identifying marks as his.
Penton told the authorities that on February 5, 1979, between 3:00 and 4:00 p.m., the defendant Ronnie Franklin and C.T. Boone, came into his shop with the Browning shotgun. Franklin claimed ownership of the gun, saying that his grandfather had given it to him. He sold it to Penton for $210.
With this information, Hale obtained an arrest warrant for Franklin, and on February 7th went to Franklin's home where he arrested Franklin and advised him of his Miranda rights.
After reading the Miranda rights from a card, but before he was able to ask Franklin if he understood the rights, Franklin voluntarily and without interrogation, advised Hale that he did not take the gun. However, he admitted that he drove the car to the Siler home with C.T. Boone, but that C.T. Boone went in and got the gun. Franklin then stated he and Boone sold the gun.

II.
The first issue raised by the defendant is whether his oral statement made to Detective Hale is admissible when not revealed pursuant to a verbal request by discovery made by defense counsel.
Our criminal discovery rule is Rule 4.06 of the Mississippi Uniform Criminal Rules of Circuit Court Practice, which pertinent part states:
The prosecution shall disclose to each defendant or to his attorney, and permit him to inspect, copy, test, and photograph upon request and without further order the following:
(1) Names and addresses of all witnesses in chief proposed to be offered by the prosecution at trial;
(2) Copy of any recorded statement of the defendants to any law enforcement officer;
(3) Copy of the criminal record of the defendant, if proposed to be used to impeach;
(4) Copy of crime lab reports or report or any tests made;
(5) Exhibit any physical evidence and photos to be offered in evidence; and
(6) Copy of any exculpatory material concerning defendant.
The question of whether a written request instead of an oral request for discovery must be made was raised and addressed by this Court in Morris v. State, 436 So.2d 1381 (Miss. 1983). In Morris there were no written discovery requests made. The record revealed however, that a request was orally made for the discovery of the typed transcript of the defendant's statement taken during interrogation. We held prospectively that to be enforceable under Rule 4.06, the discovery request must be in writing. Id. at 1388.
Since the case sub judice came to trial before Morris was decided, the written request rule established in Morris, supra, *106 does not apply retrospectively. We, however, distinguish factually Morris from this case.
At the suppression hearing, testimony was elicited as to whether a request for discovery was made. Defense counsel conceded that no written request was made, but argued strenuously that he had verbally requested discovery of defendant's statements. Relying on the assurance of the state that there was no statement, no written motion for discovery was filed by defense counsel. The evidence produced at the suppression hearing was disputed and not sufficient to show exactly if a discovery request was made or to whom it was made.
Upon conclusion of the hearing, the trial judge overruled the motion to suppress on the basis that the defendant had not met his burden of proof that a request had been made. We cannot say that based upon this record the trial court erred in not suppressing the statement.
The state further contended it had no "recorded" statement of the defendant as contemplated by the rule. We hold, however, such oral statement to the officer to be discoverable under the Rule 4.06 Uniform Criminal Rules of Circuit Court Practice.

III.
Based upon the defendant's statement, the following instruction was granted for the jury's consideration:
The court instructs the jury that any person aiding, abetting, counseling or procuring the commission of the felony of burglary is guilty as a principal and if you believe from the facts of this case beyond a reasonable doubt that the defendant Ronnie Franklin aided, abetted, counseled or procured the commission of the act of wilfully, unlawfully, feloniously, burglariously and forcibly break and enter that certain dwelling house, the property of Margaret Siler and Irving E. Siler, there situated by then and there feloniously burglariously, breaking and entering said dwelling house with the unlawful, felonious, and burglarious intent of him, the said defendant, to take, steal, and carry away the personal property of value of the said Margaret Siler and Irving E. Siler, therein stored and being kept for use, then you should find the defendant guilty as charged.
The defendant, in his statement, admitted his participation in the burglary. Although there was no evidence that Franklin broke and entered the Siler home, the defendant's statement and the testimony of the gun shop owner, Penton, was sufficient evidence to grant the aiding and abetting instruction. Where such instruction is supported by the evidence, it is proper. Anderson v. State, 397 So.2d 81 (Miss. 1981); Bass v. State, 231 So.2d 495 (Miss. 1970); Wilkerson v. State, 207 Miss. 556, 42 So.2d 745 (1949). We find no reversible error in this record.
AFFIRMED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and BOWLING, HAWKINS, DAN M. LEE, ROBERTSON, and SULLIVAN, JJ., concur.