480 So.2d 1128 (1985)
Fannie BUCKHALTER
v.
STATE of Mississippi.
No. 54919.
Supreme Court of Mississippi.
November 13, 1985.
Rehearing Denied January 15, 1986.
Kenneth Crawford, Jr., Crawford & Crawford, Collins, Andy K. Hughes, Magee, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by Frankie Walton White, Sp. Asst. Atty. Gen., Jackson, for appellee.
En Banc.
WALKER, Presiding Justice, for the Court:
Fannie Buckhalter was indicted for murder but convicted of manslaughter and sentenced to ten (10) years in the custody of the Mississippi Department of Corrections in the Circuit Court of Covington County. She appeals assigning, inter alia, the following errors:
THE TRIAL COURT ERRED IN NOT DECLARING A MISTRIAL WHEN STATE'S WITNESS BOBBY BLACKWELL TESTIFIED AS TO STATEMENTS MADE BY APPELLANT BUT NOT REVEALED BY THE STATE TO DEFENSE COUNSEL PRIOR TO TRIAL PURSUANT TO AN ORDER OF THE TRIAL COURT UNDER RULE 4.06 OF THE UNIFORM CRIMINAL RULES OF CIRCUIT COURT PRACTICE.
On October 7, 1912 this Court adopted and promulgated the Revised Rules of the Supreme Court of Mississippi which included our present Rule 11 and provides:
No judgment shall be reversed on the ground of misdirection to the jury, or the improper admission or exclusion of evidence, or for error as to the matter of pleading or procedure, unless it shall affirmatively appear, from the whole record, that such judgment has resulted in a miscarriage of justice.
The reasoning behind the rule had been applied by this Court for many years after *1129 rejecting the Exchequer Rule[1] which produced illogical and absurd results.
The administration of justice is a practical thing. It should be administered in a practical way, so as, while not denying to any defendant any substantial right to which he is entitled by the law of the land, to protect society from violators of the law, and to secure the punishment of guilty persons properly convicted.[2]
With these principles in mind, we look to the record which reveals there was absolutely no prejudice in the failure of the state to advise counsel that his client, Fannie Buckhalter, had made an oral statement to the deputy sheriff, who was investigating the case. The statement was that when he met Fannie walking along the road after the fatal killing he asked her what was going on and she replied, "He's dead, I killed him, he's dead."
The district attorney failed to produce the statement of Buckhalter for inspection and use by the defendant and her counsel who now contend that the trial court erred by admitting the statement into evidence. However, the record reveals that Buckhalter's defense was self-defense which by its nature constitutes an admission that she killed the deceased but was justified in doing so. When considered in this context, Fannie's statement to the deputy sheriff that she killed the deceased was not an admission of guilt or inconsistent with her plea of self-defense in any way whatsoever. Nor did the circumstances surrounding the statement indicate that she was fleeing or conducting herself in a manner inconsistent with her defense.
It is the opinion of some members of the Court that we should reverse the case simply because the order of discovery was not fully complied with. Enlightened courts abandoned the Exchequer Rule many years ago in favor of the policy and logic found in Rule 11.
We have carefully considered this assignment of error and are of the opinion, after considering the whole record as required by Rule 11, that the judgment has not resulted in a miscarriage of justice.
The remaining assignments of error are without merit and warrant no discussion.
Therefore, the judgment and sentence of the circuit court are affirmed.
AFFIRMED.
PATTERSON, C.J., ROY NOBLE LEE, P.J., and HAWKINS and ANDERSON, JJ. concur.
PRATHER, DAN M. LEE, ROBERTSON and SULLIVAN, JJ., dissent.
PRATHER, Justice, dissenting:
Respectfully, I dissent from the holding of the majority opinion for reason of the state's violation of the Covington County Circuit Court order to disclose all oral and written statements of the defendant.
Without dispute the circuit court ordered the state to disclose all oral statements of the defendant to defense counsel. No disclosure of the oral statement of the defendant to the defense counsel was made to counsel. When testimony was solicited from the deputy sheriff as to the oral statement made by the defendant, defense counsel timely objected to the testimony based *1130 upon non-disclosure and requested a mistrial.
The trial judge overruled the motion for mistrial, but qualified his ruling by stating that if the court finds the "matter is prejudicial, he (the court) will reconsider." No change in this ruling was made.
Did the violation of the court's discovery order to disclose all oral and written statements of the defendant require a mistrial ruling in the trial court?
Mississippi Uniform Criminal Rule of Circuit Court Practice 4.06(2) provides:
The prosecution shall disclose to each defendant or to his attorney, and permit him to inspect, copy, test, and photograph upon request and without further order the following:
.....
(2) Copy of any recorded statement of the defendants to any law enforcement officer; ...
This Court has held that an oral statement of the defendant to a law enforcement officer is discoverable under Uniform Criminal Rules of Circuit Court Practice 4.06. Franklin v. State, 460 So.2d 104, at 106 (Miss. 1984).
Additionally, in the case sub judice, the circuit court ordered discovery of:
(5) a copy of any and all statements of defendant, whether oral or in writing, together with any waiver of rights or other documents signed by defendant. (Emphasis added).
Without question, the state was under a duty to disclose the oral statement and such had not been done. Without such production to the defendant, the next question is what course of action should have been followed by the trial court when the timely objection was made. The trial court here qualified its ruling by stating that upon a showing of prejudice it would reverse its decision. As this Court has noted before in a concurring opinion, evidence which the state introduces to enhance the chances of conviction presumes that the defendant would suffer some prejudice. Box v. State, 437 So.2d 19 (Miss. 1983).
The most recent similar Mississippi case to address a Rule 4.06 violation is Harris v. State, 446 So.2d 585 (Miss. 1984), a manslaughter conviction. In Harris the Court found it reversible error for a pistol to be admitted into evidence after the state had failed to produce the pistol for the defendant's inspection in accordance with a trial court order. Writing for the Court, Justice Dan M. Lee said, "Failure to comply with an order to produce renders that material inadmissible at trial and its wrongful admission renders a conviction reversible." Harris, 446 So.2d at 589. See also Morris v. State, 436 So.2d 1381 (Miss. 1983) (failure to produce typed verbatim transcript of state's interrogation of Morris so infected proceedings that conviction must be vacated.) Ford v. State, 444 So.2d 841 (Miss. 1984); Tolbert v. State, 441 So.2d 1374 (Miss. 1983); Box v. State, 437 So.2d 19 (Miss. 1983); and Jackson v. State, 426 So.2d 405 (Miss. 1983).
The factual pattern of the case sub judice parallels the factual patterns of the aforementioned cases. The state failed to make available to defendant evidence that was requested and for which an order was issued under Rule 4.06. Subsequently the state used the evidence in its case in chief.
The recent caselaw demands that a mistrial was in order when the undisclosed, statements were used. The trial court's refusal to grant the requested mistrial constituted reversible error. This Court stated in Morris v. State, 436 So.2d at 1385, "We reverse here because the State was obliged to produce the statement but didn't, not because [the defendant] was prejudiced." See also Ford v. State, 444 So.2d 841 (Miss. 1984); Barnes v. State, 471 So.2d 1218, 1221 (Miss. 1985).
DAN M. LEE, ROBERTSON and SULLIVAN, JJ., concur.
NOTES
[1] "The Exchequer rule, used in England for about a generation from 1830, signified that an error in a ruling on evidence created per se for the objecting and defeated party a right to a new trial. 1 Wigmore on Evidence § 21 (3d ed. 1940). The Exchequer rule was carried over into some courts in this country, but this jurisdiction has long since rejected it in favor of the harmless error doctrine stated in our Rule 11." Buckley v. State, 223 So.2d 524, 530 (Miss. 1969), Chief Justice Ethridge dissenting. See Revised Rules of the Supreme Court of Mississippi, 103 Miss. 903, 906 (1912). See Discussion in 1 Wigmore, Evidence § 21 (Tillers Rev. 1983); Dorsey v. State, 276 Md. 638, 350 A.2d 665, (1976); See also Love v. State, 457 P.2d 622, (Alaska 1969); Wadsworth v. State, 201 So.2d 836, quashed 210 So.2d 4 (Fla.App. 1967); People v. Ross, 67 Cal.2d 64, 60 Cal. Rptr., 254, 429 P.2d 606, Reversed, 391 U.S. 470, 88 S.Ct. 1850, 20 L.Ed.2d 750 (1967); Meszaros v. Gransamer, 23 N.J. 179, 128 A.2d 449 (1957); State v. Weil, 91 N.E.2d 277, (Ohio 1950); O'Steen v. State, 92 Fla. 1062, 111 So. 725 (1926).
[2] See Dissent by Justice Whitfield in Lipscomb v. State, 75 Miss. 559, 23 So. 210, 228 (1898).