482 So.2d 1129 (1986)
Zachary McKINNEY
v.
STATE of Mississippi.
No. 55215.
Supreme Court of Mississippi.
January 22, 1986.
Michael P. Mills, Jeffery M. Navarro, Patterson & Patterson, Aberdeen, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by Carolyn B. Mills, Asst. Atty. Gen., Jackson, for appellee.
Before WALKER, P.J., and DAN M. LEE and SULLIVAN, JJ.
WALKER, Presiding Justice, for the Court.
Zachary McKinney was convicted by the Circuit Court of Monroe County of the armed robbery of the Tri-Mart convenience store in Amory, Mississippi. He was sentenced to a term of fifteen (15) years with the Mississippi Department of Corrections.
Among many assignments of error appellant assigns as error the following:
THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN DENYING DEFENSE COUNSEL'S MOTION TO VOIR *1130 DIRE THE WITNESS, SHIRLEY MILLER, PRIOR TO HER TESTIMONY, TO DETERMINE HER COMPETENCY AS A WITNESS.
As stated in Butler v. State, 217 Miss. 40, 53, 63 So.2d 779, 782 (1953):
In brief the general rule recognized by all of the authorities is that a party defendant, when he asks for it, is entitled as a matter of right to a preliminary examination into the mental capacity and competency to testify of the proffered witness and to a decision on the issue by the trial judge.
It was reversible error for the trial court to deny appellant's motion to voir dire the witness as to her mental capacity.
Appellant also assigned as error the following:
THE FAILURE OF THE STATE TO TIMELY COMPLY WITH APPELLANT'S MOTION TO COMPEL DISCOVERY UNDER SECTION 4.06 OF THE MISSISSIPPI UNIFORM CRIMINAL RULES OF CIRCUIT COURT PRACTICE AND THE FAILURE OF THE COURT TO GRANT A CONTINUANCE FOR THAT REASON.
On October 14, 1982, the appellant served the State with a motion to produce, requiring in part the State to produce all written statements taken from witnesses. The State complied with this motion, at least in part, on April 5, 1983, the day before trial by furnishing a statement made by the witness Shirley Miller on January 6, 1982.
The defendant made a motion for a continuance so that he would have time to investigate the circumstances under which the statement was taken as well as to determine whether a second statement was made at or about the same time as the first statement. The trial court ruled that, although the motion for a continuance was made the day after the State complied with the defendant's motion for discovery, which motion had been made five months earlier, that the motion came too late.
We are of the opinion that the trial court erred in refusing to grant a continuance under these circumstances even though it is not certain whether a second statement actually exists. The appellant acted promptly in making his motion. The reason that it was made on the morning that the trial was to begin was the fault of the State and not the defendant. He could not have acted any earlier.
We held in Buckhalter v. State, 480 So.2d 1128 (Miss. 1985), that a violation of Rule 4.06 of the Uniform Criminal Rules of Circuit Court Practice dealing with discovery was harmless error under Rule 11 of the Mississippi Supreme Court Rules "unless it shall affirmatively appear, from the whole record, that such.... has resulted in a miscarriage of justice."
After carefully considering this record, we are unable to say that the failure of the State to respond to defendant's motion for discovery until the day prior to trial coupled with the court's overruling of the defendant's motion for a continuance was harmless error under Rule 11.
The judgment of the lower court is reversed and this case remanded for a new trial.
REVERSED AND REMANDED.
PATTERSON, C.J., ROY NOBLE LEE, P.J., and HAWKINS, SULLIVAN and ANDERSON, JJ., concur.
ROBERTSON, HAWKINS, DAN M. LEE, PRATHER and ANDERSON, JJ., specially concur.
ROBERTSON, Justice, specially concurring:
I concur in the result reached in the majority opinion and further in what has been said in that opinion with the exception of the paragraph which describes our recent decision in Buckhalter v. State, 480 So.2d 1128 (Miss. 1985). Buckhalter may well suggest that there are some cases where, under our harmless error rule, Rule 11, Miss.Sup.Ct.Rules, there should be no reversal unless it should "affirmatively appear, *1131 from the whole record, that such ... has resulted in a miscarriage of justice". Yet this does not change the fact that there will be many discovery cases where this Court couldn't determine prejudice or lack of prejudice even if it wanted to. Law should not ignore reality.
In many discovery cases neither this Court nor the trial court is in a position to decide that a tardy disclosure of witnesses or evidence has or has not resulted in unfair surprise, or prejudice, to the defendant. Certainly this Court has only the cold record to review. That the record does not affirmatively reflect prejudice does not logically demonstrate that there has been none. Where there is prejudice, it more than likely will pertain to matters that will not be, and by their very nature cannot be, reflected in the record. The line of questioning defense counsel failed to pursue because he didn't have time to prepare will not be reflected in the record. The rebuttal witness who could have impeached the State's new found witness, but who was not found because the defense had no time to get out and search for him, will not be in the record. There are numerous similar examples of actual prejudice that will necessarily not be disclosed in the record but which the experienced trial lawyer will readily call to mind. Our harmless error rule may not with justice be enforced on the assumption of a world that does not exist.
I would reverse the judgment of conviction in the case at bar on the authority of a long line of recent discovery decisions emanating from this Court. John Keith Henry v. State, 484 So.2d 1012, 1014 (Miss. 1985); Fuselier v. State, 468 So.2d 45, 55-56 (Miss. 1985); Barnes v. State, 471 So.2d 1218, 1221 (Miss. 1985); Harris v. State, 446 So.2d 585, 588-89 (Miss. 1984); Ford v. State, 444 So.2d 841, 843 (Miss. 1984); Tolbert v. State, 441 So.2d 1374 (Miss. 1983); Box v. State, 437 So.2d 19, 21 (Miss. 1983); and Morris v. State, 436 So.2d 1381, 1386-87 (Miss. 1983). I note that nothing in the majority opinion in Buckhalter purports to alter or affect the authoritativeness of any of these cases.
HAWKINS, DAN M. LEE and PRATHER, JJ., join in this opinion.
ANDERSON, Justice, specilly concurring.
I concur with the majority opinion for the reasons stated in my concurring opinion in Barnes v. State, 471 So.2d 1218 (Miss. 1985).