488 So.2d 1343 (1986)
Donald THOMAS
v.
STATE of Mississippi.
No. 55634.
Supreme Court of Mississippi.
May 21, 1986.
Robert C. Grenfell, Jackson, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by Catherine Walker Underwood, Asst. Atty. Gen., Jackson, for appellee.
Before WALKER, P.J., and PRATHER and SULLIVAN, JJ.
SULLIVAN, Justice, for the Court:
In December of 1983, the appellant was convicted in the First Judicial District of Hinds County for attempted rape. He raises one issue on appeal.

DID THE LOWER COURT COMMIT REVERSIBLE ERROR WHEN IT ALLOWED TESTIMONY AND REMARKS IN CLOSING ARGUMENT WHICH CONCERNED AN EARRING WHICH HAD NOT BEEN PRESENTED TO APPELLANT'S COUNSEL PRIOR TO TRIAL?
Prior to trial, the appellant filed a motion for discovery under Rule 4.06 of the Mississippi Uniform Criminal Rules of Circuit Court Practice. He requested, inter alia, the following:
5. To permit Defendant to inspect and copy or photograph any evidence of a tangible nature relative to the indictment, including but not limited to such books, papers, documents, photographs, tangible objects, buildings, or places, in the possession, custody or control of the State or which the State intends to offer into evidence in this case. (emphasis added)
The alleged attempted rape occurred in a taxi cab of which the appellant was the driver. An earring was found in the back seat during the subsequent search of the taxi.
The victim, during her direct testimony, testified that she had earrings on that night. The prosecuting attorney exhibited the earring to her and she identified it as one she was wearing that night. She testified that the earring was the one that she lost in the taxi cab that night, and that it was in substantially the same condition except it was bent some and the hook was missing.
*1344 The prosecuting attorney then sought to introduce the earring into evidence. The defense counsel objected with one ground being that the earring had not been presented to him prior to trial despite his request. The trial judge sustained the objection, finding that the earring had not been properly presented to the defense counsel; however, he refused defense counsel's request to instruct the jury to disregard any questioning about the earring, as showing force, and his request for a mistrial if the jury could not in their minds exclude such evidence.
One of the investigating officers later testified, over objection, that another officer had found a lady's earring when they conducted the search of the taxi cab. The prosecuting attorney again made reference to the earring in his closing argument, as follows:
And then, when she got out of that car, did she get out of that car with all her belongings? She lost a shoe that she never saw since. She lost her purse that she hasn't seen since. She lost an earring inside that car.
BY MR. GRENFELL:
Objection as to the earring, Your Honor. It was not admitted into evidence.
BY THE COURT:
Overruled.
BY MR. WINGATE:
She lost all those items. Is that consistent with an assault? Certainly it is. (emphasis added)
The relevant portion of Rule 4.06 is as follows:
The prosecution shall disclose to each defendant or to his attorney, and permit him to inspect, copy, test, and photograph upon request and without further order the following:
... .
(5) Exhibit any physical evidence and photos to be offered in evidence; and
"[Upon request] the defendant should be permitted to inspect tangible evidence which may be used against him... ." Armstrong v. State, 214 So.2d 589, 596 (Miss. 1968). See also, Love v. State, 441 So.2d 1353, 1355 (Miss. 1983); Pryor v. State, 349 So.2d 1063, 1065 (Miss. 1977); Gentry v. State, 338 So.2d 1229, 1231 (Miss. 1976); Sisk v. State, 260 So.2d 485, 488 (Miss. 1972); Jackson v. State, 243 So.2d 396, 397-98 (Miss. 1971).
Failure to permit defendant's counsel to inspect physical evidence requested pursuant to 4.06 makes such physical evidence "and testimony concerning [it] ... inadmissible... ." Jones v. State, 330 So.2d 597, 601 (Miss. 1976). See also, Morris v. State, 436 So.2d 1381, 1385 (Miss. 1983); Jackson v. State, 426 So.2d 405, 407 (Miss. 1983).
We point out that a court order is not necessary; the request to make discovery is sufficient to oblige the prosecution to do so. Foster v. State, 484 So.2d 1009, 1011 (Miss. 1986).
The appellant's assignment is well taken and a new trial must be ordered.
REVERSED AND REMANDED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON and ANDERSON, JJ., concur.