512 So.2d 889 (1987)
Larry C. STEWART
v.
STATE of Mississippi.
No. 57072.
Supreme Court of Mississippi.
September 2, 1987.
*890 E. Fred Dobbins, Leakesville, for appellant.
Edwin Lloyd Pittman, Atty. Gen., by Deirdre D. McCrory, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before HAWKINS, P.J., and DAN M. LEE and ANDERSON, JJ.
DAN M. LEE, Justice for the Court:
This case presents an appeal taken from the Circuit Court of Greene County wherein Larry C. Stewart was convicted of kidnapping and sentenced to 20 years in the custody of the Mississippi Department of Corrections. He also was ordered to pay costs and to undergo psychiatric and drug abuse testing and treatment, if necessary.
He appeals, assigning two errors:
I. THE FAILURE OF THE STATE TO TIMELY COMPLY WITH APPELLANT'S MOTION TO COMPEL DISCOVERY UNDER SECTION 4.06 OF THE MISSISSIPPI UNIFORM CRIMINAL RULES OF CIRCUIT COURT PRACTICE AND THE FAILURE OF THE COURT TO GRANT A CONTINUANCE FOR THAT REASON WAS ERROR.
II. THE FAILURE OF THE COURT TO GRANT DEFENDANT'S MOTION FOR MISTRIAL UPON PROSECUTION'S DISPLAY OF AN ITEM NOT ENTERED INTO EVIDENCE AND THE DISPLAY OF WHICH WAS INFLAMMATORY AND PREJUDICIAL WAS ERROR.
Because the prosecution failed to provide timely discovery and because we are unable to say with confidence that denying Stewart's motion for a continuance was harmless error, we reverse.

I.
After midnight, June 3, 1984, a sleeping 13-year-old, Jeanette McWilliams, accompanied her father, mother, sisters and aunt who were returning home to Moss Point from a trip to Meridian. Their car stalled on the highway a few miles from the city of Lucedale.
A man later identified as the defendant, Larry C. Stewart, drove by in his blue van and offered assistance. He jumped the car off from his battery, but it did not go very far before it stopped again. Stewart helped push the car to the side of the highway and offered to drive one of them to use a telephone.
Burnell Phillips, Jeanette McWilliams' mother, intended to go, but she did not know the telephone number of the neighbor in Moss Point whom she wanted to call. She awakened Jeanette, who knew the number, to go with her.
Jeanette McWilliams got into the van first. Ms. Phillips stopped to tell her sister to remain with the other children, but before she could get into the van, Stewart pulled away with Jeanette in the front seat. Jeanette stated that the passengerside door closed by itself when the van started forward.
Ms. Phillips said she called to Stewart to take her, also. Instead, Stewart circled and headed back north, but did not stop when Ms. Phillips tried to flag him down. Ms. Phillips did not see her daughter again until about 4:00 a.m. at the Leakesville Police Department. Jeanette had no clothes from the waist down except for a jacket tied around her waist. She had scratches and bruises and told a story of being assaulted at knifepoint.
Jeanette testified that the man driving the van took her down a country road, but did not stop at a house. He stopped along a dirt road, Jeanette stated, and he proceeded to assault her with a stick and a knife. Jeanette testified that Stewart also pulled off her shorts and panties, and attempted to sexually assault her, but she escaped. She stated she hid behind some *891 dirt piles until she was sure Stewart was gone.
Jeanette eventually found someone to drive her into town, where she was united with her family and later taken to a hospital for examination.
That day Greene County Sheriff Tommy Miller and Mississippi Highway Patrol Investigator Harold Marks retraced Jeanette's trail from the house where she found help. They found her footprints and her panties in a clearing along a "log road."
Stewart was initially identified from the description of the van and from someone who knew the van belonged to Stewart. When Miller and Marks went to interview Stewart, they read him the Miranda warnings.
Marks and Miller testified that Stewart told them several inconsistent versions of the events that night. Ultimately, Stewart supposedly stated that he did, indeed, leave with the girl to find a telephone, but as they pulled up to someone's house she panicked and ran from his van. He said he never saw her again. Stewart did not testify at trial.
The jury deliberated about one-half hour before returning a guilty verdict. Following a sentencing hearing, the trial court sentenced Stewart to 20 years in the custody of the Mississippi Department of Corrections and it to undergo psychiatric and drug abuse testing and treatment, if necessary.

II.
On July 2, 1984, Appellant served the state with a discovery motion, requiring the state to produce materials under Rule 4.06, Unif.Crim.R.Cir.Ct.P.
It appears there were conversations between defense counsel and the prosecution on or about September 14, 1984, a regular motion day in Greene County Circuit Court. There are few facts in the record concerning these conversations. The district attorney maintained that defense counsel agreed that disclosure on September 24, one day before trial, would be adequate. Regardless, it is clear that no disclosure was forthcoming until September 24.
On September 25, 1984, the date of trial and only one day after the district attorney first provided discovery, Stewart moved for a continuance in order that he might have sufficient opportunity to consider the above items.
The state argued against the motion, stating that "he never called his motion up"; that it was "not incumbent upon the State to tender the discovery to the Defense until they have tendered discovery to the State." The state also argued absence of prejudice, stating, "[t]here's not anything that's a new item or anything that would cause him any undue delay in the matter. There's nothing technical about this case whatsoever."
The state further argued: "As a matter of fact, Judge, we went over every witness for the State and told him yesterday that they would testify to, which obviously we do not have to do."
The trial court denied the motion for a continuance on the grounds that defendant failed to bring his discovery motion up for hearing on the court's motion day, September 14, 1984.
This was clearly error. This Court has stated numerous times that the prosecution's obligation to afford discovery does not hinge on defendant's efforts to enforce it. A request is all that is necessary. Thomas v. State, 488 So.2d 1343 (Miss. 1986); Foster v. State, 484 So.2d 1009 (Miss. 1986).
Put otherwise, the obligation to make discovery in no way depends upon or need wait upon an order of the circuit court directing same. Barnes v. State, 460 So.2d 126, 133 (Miss. 1984); Franklin v. State, 460 So.2d 104, 105-06 (Miss. 1984); Hooten v. State, 427 So.2d 1388, 1389-90 (Miss. 1983) ("Although an order is not required under the Mississippi Criminal Rule... .") The fact that the defendant apparently made no follow-up in the thirteen months after February 1, 1982 discovery request avails the State nothing. The duties to make discovery imposed upon parties by Rule 4.06 are *892 continuing. Failure to bring noncompliance to the court's attention in no way waives a defendant's right to discovery once properly requested. Fuselier v. State, 468 So.2d 45, 56 (Miss. 1984); Acevedo v. State, 467 So.2d 220, 224 (Miss. 1985); Harris v. State, 446 So.2d 585, 589 (Miss. 1984).
Foster, 484 So.2d at 1011.
This obligation may be reciprocal subject to constitutional limitations. Coates v. State, 495 So.2d 464, 466-68 (Miss. 1986). Though our Rule 4.06, Unif.Crim.R.Cir. Ct.P., states that defense counsel shall make disclosures "simultaneously with the corresponding disclosure from the prosecutor," we have yet to hold that the state need tender discovery only after or simultaneous with discovery by the defendant.
We are not squarely presented the question here, because the trial court made no ruling on it and no cross appeal has been filed. Thus, the question of contemporaneous tender of discovery materials is not before us.
Our holdings concerning when the obligation attaches suggests, however, that discovery responsibilities under Rule 4.06 do not hinge upon who complies first. See Thomas v. State, 488 So.2d 1343 (Miss. 1986); Foster v. State, 484 So.2d 1009 (Miss. 1986).
Ideally, discovery should proceed equitably and contemporaneously. If the defendant does not comply, some remedy may be available. In Coates, for example, we suggested one remedy for the state would be an order excluding defendant's evidence. 495 So.2d at 467-68. There may be other remedies available to the prosecution within the Box framework. See Box v. State, 437 So.2d 19, 23-26 (Miss. 1983) (Robertson, J., specially concurring). See also, our cases outlining and applying the Box procedure: Cole v. State, DP-58, decided July 29, (Miss. 1987) (not yet reported); Griffin v. State, 504 So.2d 186 (Miss. 1987); Watts v. State, 492 So.2d 1281, 1290 (Miss. 1986); Hall v. State, 490 So.2d 858, 859 (Miss. 1986); Gray and Nations v. State, 487 So.2d 1304, 1313-14 (Miss. 1986); Cabello v. State, 471 So.2d 332, 343 (Miss. 1985), cert. denied, ___ U.S. ___, 106 S.Ct. 2291, 90 L.Ed.2d 732 (1986). We think withholding discoverable materials until the other party complies should not be one of those remedies. Cf. Harris v. General Host Corp., 503 So.2d 795, 797-98 (Miss. 1986), (expressing a similar limitation on civil discovery remedies).
Having determined that the trial court erred in his reasoning for denying the continuance, we must determine whether the denial requires reversal. This question, in turn, requires us to discuss the tardy, though possibly full, discovery provided by the district attorney.
This case is somewhat different than many of our discovery cases because here we do not deal with previously undisclosed evidence the attempt to introduce which surprises the defendant at trial. We think, however, that even the most meticulous disclosure is useless if not timely. Discovery, to be sufficient, must be made at a time far enough in advance of trial to give the defense a "meaningful opportunity" to make use of it. See Turner v. State, 501 So.2d 350, 352 (Miss. 1987) (failure to disclose identity of confidential informant); see also, Page v. State, 495 So.2d 436, 443 (Miss. 1986) (Dan Lee, J., dissenting) ("The right of discovery must be meaningful if it is to have effect at all... .").
Stewart relies principally on two cases, Foster v. State, 484 So.2d 1009 (Miss. 1986) and McKinney v. State, 482 So.2d 1129 (Miss. 1986), where this Court reversed convictions because discovery was not made sufficiently in advance of trial to warrant overruling a defendant's motion for a continuance.
In Foster, this Court reversed Foster's conviction of unlawful possession of a controlled substance when the prosecution did not reveal the name of a confidential informant  a material witness  until some ten minutes before trial, despite an appropriate discovery request. The trial court refused to grant a continuance. This Court stated:
Foster's conviction must be reversed. In so holding, we make clear that we announce no per se rule with respect to *893 discovery violation. Where the state is tardy in furnishing discovery which it was obligated to disclose, the defendant is entitled upon request to a continuance postponement of the proceedings reasonable under the circumstances. Henry v. State, 484 So.2d 1012, 1014 (Miss. 1986); McKinney v. State, 482 So.2d 1129, 1131 (Miss. 1986); Cabello v. State, 471 So.2d 332, 343 (Miss. 1985); Box v. State, 437 So.2d 19, 26 (Miss. 1983) (Robertson, J., concurring). By no means does this mean invariably that the defendant will be entitled to a continuance until the next term of court. There will no doubt be cases where postponement of a day or two, or in some cases even an hour or two, will suffice. Because the trial judge refused to grant Foster a reasonable continuance under the circumstances, this conviction must be reversed and the case remanded for a new trial.
Id. at 1011.
In McKinney v. State, 482 So.2d at 1130, this Court found error in the trial court's refusal to grant defense a continuance. There, on the day before trial defense was given a copy of a statement defendant had given authorities although discovery had been requested five months before trial. The trial court held that a motion for continuance on the day of the trial came too late. This Court held, citing Buckhalter v. State, 480 So.2d 1128 (Miss. 1985):
After carefully considering this record, we are unable to say that the failure of the State to respond to defendant's motion for discovery until the day prior to trial coupled with the court's overruling of the defendant's motion for a continuance was harmless error under Rule 11 [of the Mississippi Supreme Court Rules].
482 So.2d at 1130.
The facts in this case seem even more compelling than those in McKinney. Here the tardy disclosure was far more extensive. The assistant district attorney explained that on the day before trial the prosecution presented:
The statement of the Defendant given to the law enforcement officers, copies of the consent to search. The copy of the return on the search, rights waiver form. A list of the State's witnesses, including their testimony which Tom verbally communicated to counsel for the Defendant. The hospital report as to the extent of the injuries and pictures of ... He was able to review the pictures of the crime scene, line-up shots and all of the photographs in the State's possession.
As we noted in Foster, a continuance need not necessarily be until the next term of court. The facts in this case, however, present the same situation we found objectionable in McKinney. As in McKinney, we are unable to say that the failure of the state to respond to defendant's motion for discovery until the day prior to trial, coupled with the court's overruling of the defendant's motion for continuance, was harmless error. We reverse and remand for a new trial.
Because we reverse on Stewart's first assigned error, we need not address his alleged error concerning exhibition of a stick that was not admitted into evidence, with the suggestion it was the stick used by the defendant to strike Jeanette. This stick was kept out of evidence for the reason it, too, was not produced in discovery, though a photograph depicting the stick was admitted and apparently did not suggest error to Stewart. Regardless, Stewart's familiarity with the evidence should prevent a recurrence upon remand, and thus its exhibition requires no discussion.
REVERSED AND REMANDED FOR A NEW TRIAL.
ROY NOBLE LEE and HAWKINS, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.
WALKER, C.J., dissents.