SOUTHWICK, P. J„ for the Court.
¶ 1. A circuit court jury found Walter Moen guilty of unlawfully filming another person. On appeal, Moen argues the trial court erred in its handling of videotape evidence. We find no error and therefore affirm.
¶ 2. Walter Theodore Moen owned a home in Ocean Springs. At times he would allow others to stay with him. The victim, whom we will not name, and her mother had stayed with Moen, but both eventually moved out. Beginning in 1999, the younger former boarder, by then being nineteen years old, moved back into Moen’s home. She had a bedroom that she Was allowed to use and paid no rent. In February 2000, the young woman searched through some videotapes in order to record a television program. She found a tape and played it to be certain that she was not recording over something else. She discovered scenes of herself in her bedroom. As would be proven at trial, the tape had been recorded by a camera hidden in- a false smoke detector.
¶ 3. The victim took the tape to a lawyer whom she had used in the past. A paralegal in that office, Laura Murphy, took the tape to Dancel Productions to have a copy made. The paralegal sent the original tape to the prosecutor’s office and a copy to Moen’s attorney. The victim also reported the videotaping to the police. Using a search warrant, the police searched Moen’s home. Video cameras were discovered that were disguised as smoke detectors. Also obtained was a quad processor that could be used to re-record excerpts from other tapes, and video recorders. There was also forty-five hours worth of videotape of the woman’s bedroom taken from Moen’s home.
¶ 4. Two tapes were introduced at trial that consisted solely of scenes of the victim either in the nude or performing sexual acts. These were edited versions of longer tapes. A copy of one of the two tapes, State’s Exhibit 14, was given to Moen in discovery. The tape that the victim found was State’s Exhibit 8 and it was not given *1068 to Moen by the State. However, Moen’s attorney had possessed it for a considerable period of time. It was similar but not identical to Exhibit 14, as it too had been edited to show only the victim in the nude or performing sexual acts. The victim filed a civil suit against Moen. Moen’s lawyer was the same for both his criminal and civil cases, and the tape that was Exhibit 8 was significant in both proceedings.
¶ 5. Moen argued that he installed the recording devices as part of a home security system. He began to record his boarder because he suspected that she was selling drugs from his home. Moen claimed at trial that since during discovery he had not been provided the videotape that the victim had found, State’s Exhibit 8, it was inadmissible. He further claimed that he was unaware that the paralegal, Laura Murphy, would be called as a witness to authenticate the tape, as she was not identified in discovery responses. He further claimed that there was no showing of chain of custody with regard to the State’s Exhibit 8. The trial court allowed the tape to be admitted into evidence and allowed Murphy to testify. The issues regarding Exhibit 8 form the sole basis for this appeal.
DISCUSSION

1. Admission of tape into evidence

¶ 6. The standard of review regarding the admission or exclusion of evidence is to determine whether the trial judge committed an abuse of discretion. Gilley v. State, 748 So.2d 128, 125 (Miss.1999). The prosecution was allowed to have admitted into evidence the videotape that had not been provided by the State during discovery, but which Moen had obtained earlier from the victim’s own attorney. Moen argued that since the State did not give him a copy of this particular tape, it was technically inadmissible.
¶ 7. The significance of the tape may be seen by examining the crime charged:
Any person who with lewd, licentious or indecent intent secretly photographs, films, videotapes, records or otherwise reproduces the image of another person without the permission of such person when such a person is located in a place where a person would intend to be in a state of undress and have a reasonable expectation of privacy....
Miss.Code Ann. § 97-29-63 (Rev.2000). Both Exhibit 8 (not provided during discovery) and Exhibit 14 (provided during discovery) contained edited, similar, but not identical scenes. It contained no footage of the victim doing other things or of just the empty bedroom.
¶ 8. Whether failure to provide the tape was a discovery violation would depend on whether the prosecutor and the defense counsel both knew that the defense had this tape, that Moen had been informed of its potential use, and the failure to provide another copy was due to at least a tacit agreement or at least reasonable belief by the prosecutor that no additional copy was needed.
¶ 9. If there was a discovery violation, we find it to be harmless. There has been no argument made here that there were substantive differences in proof of the crime between the two edited tapes, both of which Moen ostensibly made. A discovery violation is subject to harmless error analysis. Buckhalter v. State, 480 So.2d 1128, 1128 (Miss.1985). Moen always knew of the existence of the videotape. He was given a copy of this tape and never requested to see the original. If there was error, it had no effect on the trial.

2. Witness Murphy

¶ 10. Moen also argues that the trial court committed reversible error *1069 when it allowed Laura Murphy, the paralegal at the office of the victim’s lawyer, to authenticate the edited tape that the victim first discovered. Murphy was not designated as a witness during discovery. There was evidence that Murphy took the videotape that was State’s Exhibit 8 to a business to have a copy made. She then sent the copy of the tape, along with a letter to Moen’s attorney. He had the same attorney for both his criminal and civil cases. Murphy testified at trial that the copy she sent to Moen’s attorney contained the same footage as the videotape the victim brought to her office though she never watched either video in its entirety.
¶ 11. When Murphy was called to testify at trial, Moen objected because he claimed not to know who she was. It was then explained who she was. It is necessary for the prosecution to provide the defense with a list of witnesses upon request, but errors in doing so are reviewable for their harmfulness. That requires a determination of whether a failure caused a miscarriage of justice. Dennis v. State, 555 So.2d 679, 682 (Miss.1989). We find that Moen knew of the paralegal’s existence and the manner in which the videotape had been handled by her, that he had received a letter well before trial from her regarding the tape, and that her testimony only recounted what Moen already knew. Moreover, the videotape that was admitted through her was one of two tapes that independently and similarly proved Moen’s guilt. The other videotape was not the subject of any objection that is raised on appeal.
¶ 12. Any error for the failure to designate Murphy as a witness was harmless.

S. Chain of custody

¶ 13. Finally, Moen argues that the chain of custody for the videotape that was State’s Exhibit 8 was doubtful. Moen argues that this videotape was not in the possession of police officers but was rather in the hands of private citizens. There is a presumption of regularity favoring chain of custody of objects under police control. Barnes v. State, 763 So.2d 216, 222 (Miss.Ct.App.2000). Moen argues that this privately held videotape is not subject to a presumption of regularity.
¶ 14. The victim testified that she took the tape to her lawyer’s office. The tape was then taken for a copy to be made. These tapes were returned to the lawyer’s office. The tapes were then sent to the prosecutor and to Moen’s attorney. Murphy testified that the tape had not been altered and that the copy was the same as the original. The victim also testified that the tape she had taken from Moen’s home was the same as the tape that would become State’s Exhibit 8.
¶ 15. The Supreme Court has held that “the test for the continuous possession of evidence is whether or not there is any indication or reasonable inference of probable tampering with the evidence or substitution of the evidence.” Gilley, 748 So.2d at 127. There is no indication that there was tampering with this videotape. Authentication of evidence is satisfied when it is shown by satisfactory proof that the matter in question is what its proponent claims. M.R.E. 901(a). Constant police custody of the evidence is not needed, nor does the prosecution have to produce every handler of the evidence. Ormond v. State, 599 So.2d 951, 959 (Miss.1992).
¶ 16. We need not decide whether a presumption of regularity applies to such privately held evidence. The trial court decided that there was positive evidence that this video was what the prosecution claimed it to be. Even absent a presumption, we find no evidence of tampering and substantial proof that the tape was identi *1070 cal to the one the victim found in Moen’s home. There was no error in admitting State’s Exhibit 8 into evidence.
¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF JACKSON COUNTY OF CONVICTION OF UNLAWFUL PHOTOGRAPHING OR FILMING OF ANOTHER AND SENTENCE OF FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH FOUR YEARS SUSPENDED AND ONE YEAR TO SERVE IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.