755 So.2d 537 (1999)
Charles PREWITT, Appellant,
v.
STATE of Mississippi, Appellee.
No. 98-KA-00396-COA.
Court of Appeals of Mississippi.
December 14, 1999.
*538 S. Christopher Farris, Hattiesburg, Attorney for Appellant.
Office of the Attorney General by Jean Smith Vaughan, Attorney for Appellee.
*539 BEFORE SOUTHWICK, P.J., BRIDGES, LEE, AND PAYNE, JJ.
BRIDGES, J., for the Court:
¶ 1. On July 25, 1996, the Covington County Grand Jury indicted Charles Prewitt for transferring cocaine to Wayne Muscio in violation of Miss.Code Ann. § 41-29-139 (Rev.1993). Found guilty by a jury of his peers, Prewitt was sentenced to serve a term of nine years in the custody of the Mississippi Department of Corrections. The trial court heard arguments regarding a motion for JNOV or in the alternative, a motion for a new trial and denied the request. Aggrieved by his conviction, Prewitt perfected his appeal to this Court seeking a reversal and remand for a new trial alleging the following as error
I. WHETHER THE TRIAL COURT ERRED IN ALLOWING TESTIMONY OF THE STATE'S CRIME LABORATORY EXPERT OVER DEFENDANT'S OBJECTION THAT THE STATE FAILED TO GIVE PROPER NOTICE OF EXPERT TESTIMONY
II. WHETHER THE TRIAL COURT ERRED IN ALLOWING CINDY BLANKS TO TESTIFY IN REGARD TO CERTAIN STATEMENTS MADE BY CHARLES PREWITT
Finding no reversible error, we affirm.

STATEMENT OF FACTS
¶ 2. On November 11, 1995, while working undercover for the Collins Police Department, Agent Wayne Muscio drove through Covington County in search of individuals selling drugs. At a pre-buy meeting, other agents instructed Muscio on proper procedure regarding the drug purchase and provided him with cash to finance the transaction. Muscio drove a four-wheel drive Toyota truck outfitted by the police department with a radio capable of contacting back-up police officers and a video camera recording the view outside the driver's window.
¶ 3. Muscio drove his vehicle by Cindy Blanks's house, where Blanks was sitting on her front porch. Using street parlance, Muscio pulled up to the curb in front Blanks's house and asked if she had any rock cocaine for sale. Specifically, he asked Blanks if she knew "where I could get a twenty." Blanks responded by approaching the vehicle and taking twenty dollars from Muscio. Blanks, wisely not having any rock cocaine in her immediate possession, turned and walked to Prewitt's trailer home, located directly next door to her house.
¶ 4. Prewitt emerged from the trailer and handed Blanks a substance in a cellophane bag later identified as crack cocaine. As Blanks returned to Muscio's truck, Prewitt looked at Muscio from the front porch area and acknowledged to Blanks that it was "all right" to proceed with the illicit transaction. Blanks handed the substance to Muscio who immediately left the scene and returned to a predetermined rendezvous with other police officers where he turned over the rock cocaine and a videotaped recording of the entire scenario to the commanding officer. Both Prewitt and Blanks were arrested and charged in connection with the drug sale to Muscio. Blanks later turned State's evidence and testified against Prewitt, naming him as the person who provided her with the cocaine sold to Muscio.
¶ 5. At trial, the State introduced testimony, over Prewitt's timely objection, from Jason Alexis, a forensic scientist employed by the Mississippi Crime Laboratory. Alexis testified that the substance he tested was cocaine. After both the State and Prewitt rested, the jury deliberated and returned a guilty verdict. Prewitt now appeals that decision.

LEGAL ANALYSIS

I. WHETHER THE TRIAL COURT ERRED IN ALLOWING TESTIMONY OF THE STATE'S CRIME LABORATORY EXPERT *540 OVER DEFENDANT'S OBJECTION THAT THE STATE FAILED TO GIVE PROPER NOTICE OF EXPERT TESTIMONY
¶ 6. Prewitt alleges a discovery violation occurred when the State failed to seasonably supplement earlier discovery requests regarding the identity of the Mississippi Crime Laboratory expert. Immediately after the State called their crime lab expert, Jason Alexis, to the stand, Prewitt objected, urging unfair surprise. Apparently, counsel for Prewitt received a letter dated September 27, 1996, from the district attorney in response to a discovery request seeking information about the crime lab results and potential testimony. Enclosed with the letter were copies of the indictment, case offense report, crime lab report prepared by Allen Kevin Cole, and a witness list that failed to indicate whether or not Mr. Cole would testify. On June 9, 1997, Prewitt sent a letter requesting a supplemental discovery response and received the same discovery sent with the State's letter of September 27, 1996. On January 27, 1998, the day of the trial, Prewitt arrived to find that Jason Alexis was scheduled to testify for the crime lab regarding the nature of the substance transferred to Muscio, a fact that went unreported to Prewitt until the eve of the trial when the information was sent via fax to defense counsel's office. Apparently, Cole no longer worked for the crime lab and was out of the country, therefore unavailable to testify at trial. The record reflects that it is a crime lab policy to retest a substance for trial if the scientist who conducted the original test is unavailable to testify as to the finding of the original test.
¶ 7. When the State called Alexis to the stand, Prewitt objected, and the trial judge heard arguments and examined the fax. The trial judge took a brief recess and let the attorney for the State and counsel for Prewitt "discuss it." After court resumed, the trial judge overruled Prewitt's motion to exclude the witness's testimony, but said he would reconsider it at a later date and would allow counsel for Prewitt to "make a further record on it" at a later time. The Mississippi Supreme Court has spoken on the issue of alleged discovery violations, delineating clear guidelines to be followed:
When faced with a discovery violation, technical or otherwise, the trial court should follow this procedure:
1) Upon defense objection, the trial court should give the defendant a reasonable opportunity to become familiar with the undisclosed evidence by interviewing the witness, inspecting the physical evidence, etc.
2) If, after this opportunity for familiarization, the defendant believes he may be prejudiced by lack of opportunity to prepare to meet the evidence, he must request a continuance. Failure to do so constitutes a waiver of the issue.
3) If the defendant does request a continuance the State may choose to proceed with trial and forego using the undisclosed evidence. If the State is not willing to proceed without the evidence, the trial court must grant the requested continuance.
Roberson v. State, 595 So.2d 1310, 1315-1316 (Miss.1992)(citing Cole v. State, 525 So.2d 365, 367 (Miss.1987)). Failure to follow the Box guidelines is prejudicial error. Darghty v. State, 530 So.2d 27, 32 (Miss.1988).
¶ 8. Before this procedure can be followed it is incumbent upon the defendant to make a timely objection. Nixon v. State, 533 So.2d 1078, 1090 (Miss.1987). Prewitt met his obligation under the first prong of the Box analysis. The record clearly shows Prewitt objecting and making a motion to exclude the offending testimony. However, after the trial judge took a recess for defense counsel and State's attorney to discuss the situation, Prewitt did not request a continuance. This is fatal to Prewitt's request for reversal *541 on this assignment of error, as pointed out by the second prong of the Box factors. It must also be remembered that the decision to admit testimony from a witness whose name was disclosed to the appellant the day before the trial is largely within the discretion of the trial judge. De La Beckwith v. State, 707 So.2d 547, 557 (Miss.1997). The judge must decide if the alleged violation of the discovery rules was willful and motivated by a desire to minimize the effectiveness of witness cross-examination and cloud the acquisition of rebuttal evidence. Beckwith, 707 So.2d at 575 (citing Taylor v. Illinois, 484 U.S. 400, 108 S.Ct. 646, 98 L.Ed.2d 798 (1988)). It seems unlikely that the State had such sinister motives in this case because the report submitted by Alexis was essentially identical to the one submitted by Cole and disclosed in discovery. It is the responsibility of defense counsel to request a continuance if unfairly surprised and, if requested, the trial court will almost certainly grant it. In light of this analysis, Prewitt's first assignment of error fails.

II. WHETHER THE TRIAL COURT ERRED IN ALLOWING CINDY BLANKS TO TESTIFY IN REGARD TO STATEMENTS MADE BY CHARLES PREWITT
¶ 9. Uniform Rule of Circuit and County Court Practice 9.04, formerly Rule 4.06 of the Uniform Rules of Criminal Court Practice, places upon the prosecution the duty to disclose to the defendant the existence of any written or recorded statements and the substance of any oral statement made by the defendant. The fact that the State's attorney had not actually heard the statement is irrelevant. Evidence in the custody of a member of the State's investigating team is attributable to the State. Carraway v. State, 562 So.2d 1199, 1204 (Miss.1990); Fuselier v. State, 468 So.2d 45, 56 (Miss.1985).
¶ 10. Oral statements made by defendants to law enforcement officers are discoverable under Rule 9.04. Moore v. State, 508 So.2d 666, 668 (Miss.1987); Boches v. State, 506 So.2d 254, 262 (Miss. 1987); Franklin v. State, 460 So.2d 104, 106 (Miss.1984). The fact that the statement was made, not to a law enforcement officer, but to a partner in crime during the course of the crime is of no consequence. The State had an obligation to disclose what any member of its team knew. Smith v. State, 500 So.2d 973, 980 (Miss.1986); White v. State, 498 So.2d 368, 370 (Miss.1986); Fuselier v. State, 468 So.2d 45, 56 (Miss.1985). The question remains whether or not the State knew anything about the statements Blanks made at trial. Blanks testified that Prewitt asked to see Muscio's face before he was willing to proceed with the transaction. Upon seeing Muscio, Blanks testified that Prewitt verbally acknowledged his approval. The record makes no mention of any written statement she submitted to the State or any deviation from previous statements, written or oral, made to the State or defense during the course of the investigation and discovery process. This issue is controlled by the aforementioned Box guidelines, now codified in Rule 9.04. If Prewitt was unfairly surprised by the testimony of Blanks, he should have requested a continuance after making his objection. By failing to do so, Prewitt again waives the issue for appeal.
¶ 11. A violation of Rule 9.04 is considered harmless error unless it affirmatively appears from the entire record that the violation caused a miscarriage of justice. Buckhalter v. State, 480 So.2d 1128, 1128 (Miss.1985). The record reflects that Muscio testified to precisely the same set of facts as Blanks concerning the content of the conversation between Prewitt and Blanks. Where the discovery violation results in the admission of evidence that is merely cumulative, the error is harmless. Beckwith, 707 So.2d at 576.
¶ 12. It is clear from our analysis of the errors presented for review that Prewitt *542 suffered no unfair surprise or prejudice from the testimony elicited through Alexis and Blanks. Thus, the judgement of the Covington County Circuit Court is hereby, Affirmed.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF COVINGTON COUNTY OF CONVICTION OF TRANSFER OF SCHEDULE II CONTROLLED SUBSTANCE (COCAINE) AND SENTENCE OF NINE (9) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., DIAZ, IRVING, LEE, MOORE, PAYNE, AND THOMAS, JJ., CONCUR.