811 So.2d 482 (2002)
Leon McCOY, Appellant
v.
STATE of Mississippi, Appellee.
No. 2000-KA-01023-COA.
Court of Appeals of Mississippi.
March 19, 2002.
Raymond L. Wong, Cleveland, attorney for appellant.
Office of the Attorney General by W. Glenn Watts, Jackson, attorney for appellee.
*483 Before KING, P.J., IRVING, and BRANTLEY, JJ.
KING, P.J., for the Court.
¶ 1. Leon McCoy was convicted of possession of cocaine by the Circuit Court of Bolivar County, Mississippi, and sentenced to six years confinement as an habitual offender. He has appealed that conviction and raises two issues for this Court's resolution. They are: (1) whether the arrest and subsequent search of McCoy were not based upon probable cause, and (2) whether the State violated the rules of discovery in presenting evidence of McCoy's prior conviction.
¶ 2. Finding no merit in these issues, this Court affirms.

FACTS
¶ 3. McCoy moved to suppress evidence of cocaine found upon his person, asserting that the search which yielded this cocaine was not based upon probable cause. At the suppression hearing, Sgt. Mullins of the Highway Patrol testified that upon noticing the expired inspection sticker on McCoy's vehicle, he stopped him. McCoy's vehicle had a Florida tag.
¶ 4. McCoy, who was driving with a Florida license, was asked to step out of his vehicle. As McCoy did so, Mullins noticed a bulge in McCoy's pocket. Mullins then inquired whether McCoy had any drugs or weapons on his person, to which the response was no.
¶ 5. Because it was a hot day, Mullins had McCoy sit in the passenger seat of the patrol car, while a citation was written for the expired inspection sticker, and a computer check of his driver's license was run. Mullins noticed that McCoy seemed nervous and was "sweating profusely."
¶ 6. The dispatcher reported that McCoy had a criminal history, whereupon Mullins again inquired about his possession of drugs or weapons. When McCoy again responded in the negative, Mullins asked about the bulge in his pocket. In response, McCoy produced some coins from his pocket. However, the bulge remained.
¶ 7. When Mullins inquired a third time about the bulge, McCoy attempted to exit the patrol car. Mullins then pulled his weapon, told McCoy not to move, and called for assistance.
¶ 8. This call was answered by a police officer from Mound Bayou. Upon the arrival of this officer, Mullins removed McCoy from the vehicle and arrested him for driving with an expired inspection sticker.
¶ 9. A search of McCoy after this arrest revealed that he possessed several substances which were later confirmed to be cocaine.

ANALYSIS

1. PROBABLE CAUSE FOR ARREST
¶ 10. McCoy asserts that there was no probable cause for his arrest, and no legal basis for his search, and this rendered inadmissible all evidence gathered as a result of an illegal search. As a basis for this assertion, McCoy argues that because this was a misdemeanor traffic stop,[1] the Fourth Amendment to the United States Constitution[2] precluded Mullins *484 from doing anything other than giving McCoy a citation.
¶ 11. In Atwater v. City of Lago Vista, 532 U.S. 318, 354, 121 S.Ct. 1536, 149 L.Ed.2d 549, (2001), the Supreme Court stated, "If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender."
¶ 12. McCoy does not question that the inspection sticker had expired, nor does he dispute that driving upon the highways of this state with an expired inspection sticker is a misdemeanor offense. Accordingly, the Court sees no merit in his claims of constitutional protection.
¶ 13. This Court also notes that the arrest of McCoy was not inconsistent with Mississippi statutory law[3] or case law which provides for the warrantless arrest of a suspect for a misdemeanor offense committed in the officer's presence. Floyd v. City of Crystal Springs, 749 So.2d 110, 114 (¶ 15) (Miss.1999).
¶ 14. We find no merit in this position.

II. DISCOVERY VIOLATION
¶ 15. McCoy contends that the State violated the discovery provisions of URCCC Rule 9.04 in failing to provide the "triple certificate" from Florida which was used to show McCoy's previous convictions in sentencing him as an habitual offender. There is no doubt from the record that McCoy was provided with copies of all documents provided to the circuit court. What he asserts is that the State failed to provide him with copies "certified in triplicate." For a discovery violation to require reversal there must be a showing of prejudice and the non-disclosed material must be more than simply "cumulative." Prewitt v. State, 755 So.2d 537, 541 (¶ 8) (Miss. 1999); Buckhalter v. State, 480 So.2d 1128, 1128 (Miss.1985). In this case, there is no showing of prejudice. Any discovery violation that may have occurred was harmless. Therefore, this issue is without merit.
¶ 16. This Court notes the existence of a conflict between the sentencing transcript and the sentencing order. The transcript imposes a sentence of six years, while the sentencing order refers to both six years and five years.
¶ 17. This Court deems it appropriate to affirm this conviction while remanding for correction of the sentencing order.
¶ 18. THE JUDGMENT OF THE CIRCUIT COURT OF BOLIVAR COUNTY OF CONVICTION OF POSSESSION OF A CONTROLLED SUBSTANCE, COCAINE, SECOND AND SUBSEQUENT OFFENDER IS AFFIRMED. THIS MATTER IS REMANDED TO THE BOLIVAR COUNTY CIRCUIT COURT FOR CORRECTION OF THE SENTENCING ORDER. ALL COSTS OF THIS APPEAL ARE ASSESSED TO BOLIVAR COUNTY.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.
NOTES
[1] "Failure to display a valid inspection sticker on an operating vehicle is a misdemeanor and punishable by a fine of not more than fifty dollars or sentence of not more than six months confinement, or both." Miss.Code Ann. § 63-13-29 (Rev.1996)
[2] "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."
[3] "(1) An officer or private person may arrest any person without warrant, for an indictable offense committed, or a breach of the peace threatened or attempted in his presence...." Miss.Code Ann. § 99-3-7(1) (Rev.2000).