# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2003-KM-01077-SCT

*MELISSA BAKER WYATT*

*v.*

*CITY OF PEARL, MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 4/10/2003 |
| TRIAL JUDGE: | HON. WILLIAM E. CHAPMAN, III |
| COURT FROM WHICH APPEALED: | RANKIN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | ROBERT LOUIS WILLIAMSON |
| ATTORNEY FOR APPELLEE: | JASON T. ZEBERT |
| CITY PROSECUTOR: | JASON ZEBERT |
| NATURE OF THE CASE: | CRIMINAL - MISDEMEANOR |
| DISPOSITION: | AFFIRMED - 05/27/2004 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE SMITH, C.J., GRAVES AND DICKINSON, JJ.**

**SMITH, CHIEF JUSTICE, FOR THE COURT:**

¶1.     On June 28, 2001, Melissa Baker Wyatt was arrested and charged with Driving Under the Influence First Offense after registering a .222 % blood alcohol content, which exceeded the then-applicable .10% standard and was a per se violation of Miss. Code Ann. § 63-11-30(1)(c) (Supp. 2000).[1]   On August 7, 2001, Wyatt was tried and convicted in the City of Pearl municipal court, and she appealed the conviction to the Rankin County Court.

---

[1]   In 2002 this standard was lowered to .08%.  Miss. Code Ann. §  63-11-30 (1)(c) (Supp. 2003).

¶2.     On May 1, 2002, Wyatt submitted a discovery request to the City of Pearl, requesting relevant information concerning her case including, but not limited to, all relevant information regarding the operation and maintenance of the Intoxilyzer 5000 breath test instrument.  The city responded in writing with only the information intended to be introduced at trial with no response to the additional requests by the defendant.

¶3.     On June 5, 2002, Wyatt was tried de novo and convicted in Rankin County Court after the court ruled that the requests of the defendant for full discovery beyond the scope submitted by the prosecution was denied with no continuance offered for remedy.

¶4.     Wyatt appealed her conviction to the Circuit Court of Rankin County, Mississippi.  On April 14, 2003, the circuit court affirmed the conviction.  Wyatt appeals to this Court raising the following issue:

> whether the trial court erred in its ruling to exclude from Ms. Wyatt's discovery and consideration any documentation in the possession of the Mississippi State Crime Lab regarding the operation and maintenance of the Intoxilyzer 5000 breath test instrument citing shortcomings of defense counsel in direct violation of Uniform Criminal Court Rule 4.06 and the prevailing authority of the Attorney General's Office in the absence of the Supreme Court ruling.

Uniform Criminal Court Rule 4.06 is now Uniform Circuit and County Court Rule 9.04.

## FACTS

¶5.     On June 28, 2001, Wyatt was arrested on suspicion of Driving Under the Influence by patrolman Jason Ball of the City of Pearl Police Department.  Wyatt was then transported to the Pearl Police Department where she submitted to a breath test indicating a blood alcohol content of .222 %.

## ANALYSIS

¶6. We are limited in reversing a trial court's actions regarding discovery issues. ***Byrom v. State***, 863 So.2d 836, 849 (Miss. 2003). We may reverse only if the trial court abused its discretion. ***Id.***

¶7. Wyatt argues that the trial court erred in several ways . The first argument is that the court erred in telling Wyatt that the highway patrol usually provided the technical or operations manuals when requested to do so; however, Wyatt has found information that contradicts this statement. The judge's actual words were, "I do know that if it's requested of the highway patrol, they will provide those documents." There is no relevance of the judge's statement to the issue on appeal; therefore, this argument is without merit.

¶8. Wyatt's second argument is that the trial court erroneously ruled that her request for discovery was not timely, citing the long pending date of the trial because her request was made a full month in advance of trial and because the prosecutor was able to respond within ten days without requesting additional time. Wyatt also argued that the trial court erred by ruling that she failed to make appropriate objections to the insufficiencies in the discovery response prior to trial. Wyatt contends that the court's discovery rule puts the burden on the prosecutor to provide the discovery requested and not on the defense.

¶9. Third, Wyatt argues that the trial court erred when it found that the documentation she requested would not be relevant, citing the court's discovery rule as stating only the party requesting the discovery can determine its relevance.

¶10. Uniform Circuit and County Court Practice Rule 9.04 states in pertinent parts:

> G. Upon a showing of cause, the court may at any time order that specified disclosures be restricted or deferred, or make such other order as is appropriate, provided that all material and information to which a party is

3

entitled must be disclosed in time to permit the party's attorney to make beneficial use thereof.

. . .

In the event there are matters arguably within the scope of a party's discovery request or an order for discovery, and the opposing party is of the opinion that the requesting party is not entitled to discovery of same, the *opposing party shall, as soon as is reasonably practicable, file with the clerk* of the court a written statement describing the nature of the information or the materials at issue as fully as is reasonably possible without disclosure of same and *stating the grounds for objection* to disclosure. Subject to the limitations otherwise provided in these rules, *determinations such as whether the matters requested in discovery are relevant to the case, exculpatory, possible instruments of impeachment, and the like, may be made **only by the party requesting** or to receive the discovery*.

I. If at any time prior to trial it is brought to the attention of the court that a party has failed to comply with an applicable discovery rule or an order issued pursuant thereto, the court may order such party to permit the discovery of material and information not previously disclosed, grant a continuance, or enter such other order as it deems just under the circumstances.

(emphasis added). The prosecution did violate the rules of discovery in this instance by not providing the documents requested or instead filing an objection with the court. However, this Court has ruled that a violation of Rule 9.04 is considered harmless error unless it affirmatively appears from the entire record that the violation caused a miscarriage of justice. ***Payton v. State***, 2003 WL 22510533, 13 (Miss. 2003) (citing ***Buckhalter v. State***, 480 So. 2d 1128, 1128 (Miss. 1985); ***Prewitt v. State***, 755 So. 2d 537, 540-41 (Miss. Ct. App. 1999)).

¶11.    Furthermore, this Court has held that the decision to grant or deny a motion for a continuance is within the sound discretion of the trial court, and this Court will not reverse unless it can be shown to have resulted in manifest injustice. ***Payton***, 2003 WL 22510533,

13 (citing *Hatcher v. Fleeman*, 617 So. 2d 634, 639 (Miss. 1993)).  Here, the prosecution did turn over all of the discovery requested except for the manuals.  Included in that discovery were the calibration and maintenance documents, indicating that the breath test instrument had been properly maintained.  Therefore, this Court concludes that the manuals requested would not have changed the outcome of the case and the discovery error was harmless.

## CONCLUSION

¶12.    We conclude that the trial court's declaration that the Intoxilyzer 5000 operational manuals were not relevant to Wyatt's defense was error, but  the error was harmless. Therefore, we affirm the judgment of the Rankin County Circuit Court.

¶13.    **CONVICTION OF DRIVING UNDER THE INFLUENCE, FIRST OFFENSE, AFFIRMED.**

**WALLER AND COBB, P.JJ., EASLEY, CARLSON, GRAVES, DICKINSON AND RANDOLPH, JJ., CONCUR.   DIAZ, J., NOT PARTICIPATING.**