724 So.2d 405 (1998)
Vincent Earl LEVY, Appellant.
v.
STATE of Mississippi, Appellee.
NO. 97-KA-00230 COA
Court of Appeals of Mississippi.
November 24, 1998.
*406 James Arnold, Durant, Attorney for Appellant.
Office of the Attorney General by Charles W. Maris, Attorney for Appellee.
BEFORE THOMAS, P.J., KING, AND SOUTHWICK, JJ.
KING, J., for the Court:
¶ 1. Vincent Earl Levy was convicted of rape, in violation of Miss.Code Ann. § 97-3-65(1)(Rev.1994). He was sentenced to serve a term of fifteen (15) years in the custody of the Mississippi Department of Corrections. Aggrieved by his conviction and sentence, Levy has appealed and assigned five points of error:
I. THE TRIAL COURT ERRED IN ALLOWING THE PROSECUTION TO AMEND THE DATE IN THE INDICTMENT ON THE FIRST DAY OF TRIAL. THIS ERROR WAS COMPOUNDED BY THE FACT THAT THE AMENDED INDICTMENT FAILED TO SPECIFY A CERTAIN DATE ON WHICH THE ALLEGED CRIME TOOK PLACE.
II. THE TRIAL COURT ERRED IN PERMITTING EVIDENCE OF OTHER BAD ACTS.
III. THE TRIAL COURT ERRED IN DISALLOWING EVIDENCE THAT THE RAPE HAD BEEN COMMITTED BY SOMEONE OTHER THAN THE DEFENDANT.
IV. THE TRIAL COURT ERRED IN ALLOWING THE PROSECUTION TO ELICIT HEARSAY TESTIMONY FROM THE COMPLAINANT'S MOTHER.
V. THE JURY'S VERDICT WAS AGAINST THE WEIGHT OF THE EVIDENCE.
Finding no error, we affirm Levy's conviction and sentence.

FACTS
¶ 2. In August of 1994, Laura Smith[1] walked with her cousin and Levy from Laura's aunt's house to her grandmother's house in Tchula, Mississippi. At that time, Levy and Laura's cousin were dating. Laura contends that as she walked back alone to her aunt's house, Levy caught up with her. As they approached the steps of her aunt's house, Levy grabbed her, pushed her in bushes behind the house, and forced her to *407 have sexual intercourse. Laura alleged that after Levy raped her, he threatened to kill her if she mentioned this incident.
¶ 3. When Levy left, Laura went into her aunt's house and told another cousin about the rape. This cousin later testified that Laura, who appeared to have been shaking nervously, told her about the rape, but insisted that she refrain from repeating it. This cousin also noticed that Laura had grass and dirt stains on her clothes.
¶ 4. In July of 1995, Laura alleged that Levy approached her again. He asked if she would have sexual intercourse with him. Laura refused and decided to reveal both the rape and Levy's proposition. Laura told her sister, her parents, and another cousin. Laura's parents took her to the police department to report these incidents.
¶ 5. Levy was subsequently indicted for capital rape, but tried on the lesser-includedoffense of rape. He denied this charge and claimed that he had neither engaged in sexual intercourse with Laura, nor threatened her.
¶ 6. After a trial in this matter, the jury convicted Levy. His motion for new trial was denied. Levy has now appealed his conviction and sentence.

ISSUES

I. THE TRIAL COURT ERRED IN ALLOWING THE PROSECUTION TO AMEND THE DATE IN THE INDICTMENT ON THE FIRST DAY OF TRIAL. THIS ERROR WAS COMPOUNDED BY THE FACT THAT THE AMENDED INDICTMENT FAILED TO SPECIFY A CERTAIN DATE ON WHICH THE ALLEGED CRIME TOOK PLACE.
¶ 7. In his first assignment of error, Levy contends that the trial judge improperly allowed the State to amend the date of the rape included in the indictment.
Law
¶ 8. "An indictment for any offense shall not be insufficient for omitting to state the time at which the offense was committed in any case where time is not of the essence of the offense, nor for stating the time imperfectly, nor for stating the offense to have been committed on a day subsequent to the finding of the indictment or on an impossible day, or on a day that never happened, nor for the want of a proper or perfect venue."
Miss.Code. Ann. § 99-7-5 (1975); Wilson v. State, 515 So.2d 1181, 1182 (Miss.1987).

Analysis
¶ 9. The indictment originally indicated that the rape occurred on July 21, 1994. On the first day of trial, the State amended this date to reflect August of 1994. No day in the month of August was specified. Levy argues that this amendment was prejudicial in that an alibi may have been available had he been given proper notice of the date of the offense.
¶ 10. On July 21, 1995, Laura gave a statement at the Tchula Police Department wherein she indicated that the rape occurred in August of 1994. This statement was admitted into evidence without objection from the defense. We assume, therefore, that Levy had been provided a copy of this statement, and was aware that Laura had accused him of raping her in August rather than in July. Though the indictment may have stated the time of offense imperfectly, we do not find that Levy was unfairly surprised or unduly prejudiced as a result. The trial court did not err in allowing the amendment.

II. THE TRIAL COURT ERRED IN PERMITTING EVIDENCE OF OTHER BAD ACTS.
¶ 11. In his second assignment of error, Levy contends that the State elicited evidence that he had threatened to rape Laura on the day she revealed being raped. He argues that this testimony was evidence of a prior bad act, and therefore inadmissible. The State responds that it sought admission of this evidence to present a rational, complete and coherent story of the actions between Laura and Levy. We agree with the State's contention.

*408 Law

¶ 12. "This state has long adhered to the rule that the issue on a criminal trial should be single and that the evidence should be limited to what is relevant to the single issue. Evidence of a prior criminal activity on the part of one criminally accused is inadmissible where the prior offense has not resulted in a conviction. We have held, however, that the State has a `legitimate interest' in telling a rational and coherent story of what happened. Where substantially necessary to present to the jury `the complete story of the crime', evidence or testimony may be given though it may reveal or suggest other crimes."
Brown v. State, 483 So.2d 328, 330 (Miss. 1986).

Analysis
¶ 13. The State questioned Laura regarding the events surrounding the actual rape and the reporting of the rape. She testified that Levy raped her behind her aunt's house in August of 1994 and approached her again in August of 1995. Because of this second encounter in August of 1995, she reported the rape to her parents.
¶ 14. Laura testified regarding the sequence of events related to the rape. Though her testimony suggested that Levy may have attempted to perpetrate another criminal act, the State had a legitimate interest in telling a rational and coherent story. Id. We do not find that the trial court erred in admitting testimony concerning Levy's threat to Laura. This assignment of error is without merit.

III. THE TRIAL COURT ERRED IN DISALLOWING EVIDENCE THAT THE RAPE HAD BEEN COMMITTED BY SOMEONE OTHER THAN THE DEFENDANT.
¶ 15. In his third assignment of error, Levy contends that the trial court erred in disallowing evidence regarding Laura's sexual relations with another boy who may have been alone with Laura on the day of the rape. He argues that this evidence was admissible under the exceptions of M.R.E. 412. The State responds that Levy failed to comply with notice requirements and qualify for an exception under M.R.E. 412.

Law
¶ 16. Mississippi Rule of Evidence 412 prescribes that, in a criminal case in which a person is accused of a sexual offense against another person, reputation or opinion evidence of the past sexual behavior of an alleged victim of such sexual offense is not admissible. However, such evidence is admissible if it is offered by the accused upon the issue of whether the accused was or was not, with respect to the alleged victim, the source of semen, pregnancy, disease, or injury.
¶ 17. If the person accused of committing a sexual offense intends to offer evidence of specific instances of the alleged victim's past sexual behavior or evidence of past false allegations made by the alleged victim, the accused shall make a written motion to offer such evidence not later than fifteen days before the date on which the trial in which such evidence is to be offered is scheduled to begin, except that the court may allow the motion to be made at a later date, including during trial, if the court determines either that the evidence is newly discovered and could not have been obtained earlier through the exercise of due diligence or that the issue to which such evidence relates has newly arisen in the case. Any motion made shall be served on all other parties and on the alleged victim.

Analysis
¶ 18. Miss. Rule of Evidence 412 provides four exceptions to the general rule that past sexual behavior of an alleged victim is inadmissible; the accused must offer this evidence to prove that he was or was not, with respect to the victim, the source of semen, pregnancy, disease, or injury. A close reading of the record reveals that Levy did not seek admission of this evidence for any of these purposes. Levy sought primarily to establish that Laura had sexual relations with Anthony Robinson on the day in question. Rule 412 prohibits the use of such testimony in this manner.
*409 ¶ 19. Miss. Rule of Evidence 412 requires that a fifteen (15) day notice be given to the alleged victim if the accused intends to offer evidence of specific instances of the alleged victim's past sexual conduct. The record does not reveal that Levy gave Laura notice of his intention to offer such evidence before the first day of trial. Having failed to give timely notice and qualify for an exception under M.R.E. 412, the trial court did not err in denying Levy's request to have testimony regarding Laura's sexual conduct on the day of the rape admitted.

IV. THE TRIAL COURT ERRED IN ALLOWING THE PROSECUTION TO ELICIT HEARSAY TESTIMONY FROM THE COMPLAINANT'S MOTHER.
¶ 20. Levy contends that Mrs. Smith's testimony regarding a statement made by her daughter was hearsay and improper evidence of other bad acts. He argues that this testimony improperly bolstered Laura's testimony.
¶ 21. On cross-examination, the following testimony was elicited from Mrs. Smith by the defense attorney:
Q: Okay. On the date and time that she told you, the next year of 1995 in July, were there any exciting events or anything unusual happening in her life, for example, at school that may have come to your attention to cause her to tell you this suddenly after almost a year?
A: No, not at school. It was what happened the night before that.
¶ 22. Subsequently on re-direct examination, the prosecutor elicited the following response from Mrs. Smith.
Q: What did happen the night before that caused her to come tell you [that she had been raped]? ...
A: She said that [Levy] come over my sister's house and told her did she want him to do that again.

Law and Analysis
¶ 23. Mrs. Smith's response to the prosecutor constituted hearsay, a statement made out-of-court and repeated by a witness testifying at trial, and offered to prove the truth of the matter asserted. Comment M.R.E. 801. Hearsay is generally inadmissible. M.R.E. 802.
¶ 24. During cross-examination, Levy asked Mrs. Smith what catalytic event caused Laura to inform her of this rape. He specifically inquired about events at school. Mrs. Smith responded that it was not school, but rather another event. She neither gave, nor was she asked by Levy to give an explanation for this response. Upon redirect examination, the prosecutor merely asked that she explain her response to Levy's question. "In this posture, the hearsay testimony responsive to the district attorney's questions was not error." Fairley v. State, 349 So.2d 1050, 1052 (Miss.1977). We find no merit in this argument.

V. THE JURY'S VERDICT WAS AGAINST THE WEIGHT OF THE EVIDENCE.
¶ 25. Levy contends that the evidence in the case at bar is against the overwhelming weight of the evidence. We disagree. "In determining whether or not a jury verdict is against the overwhelming weight of the evidence, this court must accept as true the evidence which supports the verdict and will reverse only when it is convinced that the circuit court has abused its discretion in failing to grant a new trial." Isaac v. State, 645 So.2d 903, 907 (Miss.1994).
¶ 26. Miss.Code Ann. § 97-3-65(1) defines rape as having occurred when an individual, eighteen (18) years of age or older, gains the carnal and unlawful knowledge of a child under the age of fourteen (14) years.
¶ 27. The record reveals that Laura was twelve (12) years old at the time of the rape, and Levy was approximately nineteen (19) years old. Laura testified that Levy forcibly "put his penis inside of [her]". Both Mrs. Smith and Laura's cousin testified that they had been told by Laura that Levy had raped her. Conversely, Levy denied that he engaged in sexual intercourse with Laura, and a witness on his behalf testified that Levy may not have been at Laura's aunt's house on the day in question. Notwithstanding the testimony in Levy's defense, the testimony of Laura, Mrs. Smith and her cousin was sufficient *410 to support the guilty verdict of rape. We do not find that the verdict was against the overwhelming weight of the evidence.
¶ 28. THE JUDGMENT OF THE HOLMES COUNTY CIRCUIT COURT OF CONVICTION OF RAPE AND SENTENCE OF FIFTEEN (15) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HOLMES COUNTY.
BRIDGES, C.J., McMILLIN AND THOMAS, P.JJ., COLEMAN, DIAZ, HERRING, HINKEBEIN, PAYNE, AND SOUTHWICK, JJ., CONCUR.
NOTES
[1] In the interest of the victim's privacy, her name and mother's name have been changed to Laura Smith and Mrs. Smith, respectively. At the time of the rape, Laura was twelve years old and in the sixth grade.