772 So.2d 1076 (2000)
Eddie T. KING a/k/a Eddie Trinelius King, Appellant,
v.
STATE of Mississippi, Appellee.
No. 1999-KA-01770-COA.
Court of Appeals of Mississippi.
November 14, 2000.
*1077 Raymond M. Baum, Winona, Attorney for Appellant.
Office of the Attorney General by W. Glenn Watts, Attorney for Appellee.
BEFORE SOUTHWICK, P.J., IRVING, AND MYERS, JJ.
MYERS, J., for the Court:
¶ 1. Eddie King was convicted of armed robbery in the Attala County Circuit Court. On appeal, he assigns error to (1) the trial court's admission of testimony concerning his other alleged criminal acts, (2) the trial court's refusal to grant a new trial after making a potentially damaging statement in the presence of the jury and (3) the trial court's denial of a jury instruction for a lesser offense. Finding these claims to be without merit, we affirm.

FACTS
¶ 2. On May 19, 1999, at approximately 10:00 p.m., David Philyaw, Jennifer McDaniel and Kim Daves were sitting in an automobile at a gas station on Highway 12 in Kosciusko. A black male approached the rear window where Philyaw was seated. The assailant produced what was purported to be a small caliber handgun and demanded that Philyaw hand over his money. Philyaw did so, and the robber moved to the front window and demanded that McDaniel and Daves hand over their valuables. Both told him that they had nothing, and the assailant fled.

I. Evidence of Other Bad Acts
¶ 3. During Philyaw's testimony at trial, the prosecutor asked him what King did after taking Philyaw's money. Philyaw testified that after King took his money, King moved to the front of the car and demanded money from McDaniel and Daves. Counsel for the defendant objected to the admission of any evidence of other bad acts. The trial judge overruled this objection and allowed the questioning to proceed.
¶ 4. King now argues that the admission of this evidence constituted reversible error. In doing so, King misses the mark on the applicable law. The attempted robberies of McDaniel and Daves occurred contemporaneously with the robbery of Philyaw. The Supreme Court of Mississippi has held that it is not necessary that a trial court dissect the facts of an incident and, by the application of Mississippi Rule of Evidence 404(b), sanitize what the jury would be permitted to hear by excluding any evidence that may have shown criminal behavior different from that for which the defendant was being tried. Bell v. State, 725 So.2d 836, 850 (Miss.1998). Rather, the jury is entitled to hear all the facts in order to have as complete a grasp as possible as to what actually occurred. Id. The supreme court distinguished between bad acts unrelated to the charged crime and those "intimately connected with the crime charged as to be necessary to the telling of a complete and clear story" of what occurred. Id. The supreme court said that "where the bad conduct is so closely intertwined with the crime charged and has a direct relationship to the [crime being tried], as it does here, there is no error in allowing the jury to hear it." Id.
*1078 ¶ 5. This standard is certainly applicable to the case at bar. The robbery for which King was convicted occurred moments before the attempted robbery. Testimony concerning this attempted robbery tended to establish evidence of a greater likelihood of correct identification of the suspect by the three witnesses. Further, it seems that the possible prejudicial effect of such testimony is nullified by the fact that testimony to each crime came from the same mouth. If the jury believed Philyaw's testimony concerning the attempted robbery, it is likely that his testimony about the robbery would have received the same deference standing on its own. Rule 404(b) has no application here, and the appellant's argument is without merit.

II. Possibly Prejudicial Statement by the Court
¶ 6. While Philyaw was testifying about the exchange between the assailant and Daves, counsel for the defense made a hearsay objection. The trial judge overruled the objection, stating that "[t]he defendant was present." The defense then moved for a mistrial, asserting that the judge's statement was tantamount to saying that King was guilty of the crime for which he was being charged. The judge denied the motion but addressed the jury concerning his statement. In doing so, the judge explained to the jury that he was not asserting that King was present, but rather that the testimony reflected that King was present, and as such, the hearsay statement was admissible. He then asked each juror individually if they could disregard his statement, and each juror said that they could.
¶ 7. It is unclear to which rule the judge was referring in making the statement about the King's presence, but he clearly corrected any prejudicial effect caused by the statement. It must be presumed that the jury will follow the court's instruction to disregard any inadvertent comments or evidence and to decide the case solely on the evidence presented. Bell v. State, 631 So.2d 817, 820 (Miss. 1994). To presume otherwise would be to render the jury system inoperable. Id. Further, the trial judge "is in the best position for determining the prejudicial effect" of an objectionable comment. Alexander v. State, 602 So.2d 1180, 1183 (Miss. 1992) (citing Alexander v. State, 520 So.2d 127, 131 (Miss.1988)). The judge is therefore vested with the discretion to determine whether the comment requires a mistrial to be declared. Alexander, 602 So.2d at 1182 (citing Edmond v. State, 312 So.2d 702, 705 (Miss.1975)). If no irreparable prejudice has resulted, the judge should cure or remedy the situation by promptly admonishing the jury to disregard the comment. Alexander, 602 So.2d at 1183 (citing Johnson v. State, 477 So.2d 196, 210 (Miss.1985)). King contends that because the trial judge made the comment, this general rule should not apply. However, he provides no law in support of such an assertion. This argument is also without merit.

III. Refusal of Proffered Jury Instruction
¶ 8. The trial court denied King's request for a jury instruction on the lesser-included-offense of robbery. King now asserts that this refusal constituted reversible error. We disagree. A defendant is required to offer evidence constituting more than "mere surmise" when requesting a lesser-included-offense instruction. Toliver v. State, 600 So.2d 186, 192 (Miss. 1992). King readily admits in his brief that there was no affirmative evidence produced to even insinuate that the robber did not brandish a gun. Rather, he relies solely upon the idea that, given the facts that the robbery occurred at night and that the victims were under duress, the jury could possibly find that there was no gun. This was not sufficient to entitle King to a jury instruction on the lesser-included-offense of robbery. Thus, this argument is also without merit.
¶ 9. THE JUDGMENT OF THE ATTALA COUNTY CIRCUIT COURT OF *1079 CONVICTION OF ARMED ROBBERY AND SENTENCE OF 23 YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS HEREBY AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO ATTALA COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, IRVING, LEE, MOORE, PAYNE, AND THOMAS, JJ., CONCUR.