818 So.2d 1229 (2002)
Matthew W. LOFTON a/k/a Matthew Lofton, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2001-KA-00487-COA.
Court of Appeals of Mississippi.
May 28, 2002.
*1230 Wayne Dowdy, Magnolia, Nelson Shane Estess, attorneys for appellant.
Office of the Attorney General by Deirdre McCrory, attorney for appellee.
Before McMILLIN, C.J., LEE, and BRANTLEY, JJ.
BRANTLEY, J., for the court.
¶ 1. In the Circuit Court of Lincoln County, Matthew Lofton was tried on a three-count indictment charging sexual battery (count one), touching a child for a lustful purpose (count two), and contributing to the delinquency of a minor (count three). He was convicted on counts two and three and acquitted on count one. His post-trial motions were denied. Aggrieved, Walker timely appeals his conviction raising the following issues as error:
I. WHETHER THE TRIAL COURT ERRED BY MAKING AN ALLEGED COMMENT ON THE EVIDENCE BEFORE THE JURY.
II. WHETHER THE TRIAL COURT ERRED BY EXCLUDING TESTIMONY REGARDING ALLEGED FALSE ALLEGATIONS MADE BY THE VICTIM AGAINST HER FATHER.
III. WHETHER THE TRIAL COURT ERRED WHEN IT GRANTED STATE'S JURY INSTRUCTION S-1.
IV. WHETHER THE TRIAL COURT ERRED WHEN IT FAILED TO INSTRUCT THE JURY REGARDING RULE 404(b) EVIDENCE.
V. WHETHER THE TRIAL COURT ERRED IN ALLOWING EVIDENCE, NOT PRODUCED DURING DISCOVERY, OF THE DEFENDANT'S PRIOR SEXUAL RELATIONSHIP WITH A SIXTEEN YEAR OLD FEMALE.
Finding no error, we affirm.

FACTS
¶ 2. Around mid October 2000, Matthew Lofton, a twenty-three year-old male, employed as a deputy with the Lincoln County Sheriffs Department, met M. M., a *1231 fifteen year-old female junior high student, whose date of birth is October 11, 1985. Thereafter, he gave her cigarettes on numerous occasions. Lofton visited M. M. several times, as well as had many phone conversations with her. On the evening of October 29, 2000, M. M. called Lofton and asked him to pick her up from church. After picking her up, instead of bringing her home, they drove and parked at a wood yard.
¶ 3. Hereafter, the facts as to the subsequent events are totally in dispute. What is undisputed is that Lofton and M. M. had kissed, he had ejaculated in her presence, M. M. had semen on her skirt, and Lofton had poured Coke on her skirt where the semen was located before bringing M. M. home.
¶ 4. During trial, M. M. testified that Lofton suggested that they go see if there was a roadblock instead of going to her house. He pulled into a wood yard and parked, despite M. M.'s statement that he needed to take her home. Lofton attempted to kiss her, but she pulled away. She asked Lofton for a cigarette and he asked what would she give him in return. She said "nothing." He leaned over and kissed her and afterwards he gave her a cigarette. At this point she stated that Lofton started his vehicle and acted like he was going towards M. M.'s home, but he turned around and went further back into the wood yard and parked. Lofton continued to initiate sexual advances, which elevated into him pulling her panties off, her skirt up, and taking his shorts off, despite her continuous objections. She also stated that he laid her back and put his sexual organ inside of her. At that time she told him to stop because "it was hurting," but he continued for about fifteen or twenty minutes until he "pulled out and some of the semen got on [her skirt]." After, instead of bringing her home, he drove to the parking lot of a "little store" and poured Coke on her skirt "to cover up the two spots" of semen. He then instructed M. M. to tell her sister that she had spilled Coke on her skirt and that someone else brought her home.
¶ 5. Alternatively, he testified that she instructed him not to take her home, but to ride around or park somewhere. He stated that he parked at the wood yard where, after giving her a cigarette, she made the sexual advances. He claimed that she kissed him and he kissed her back and that she stimulated him with her hand inside of his shorts. After leaving the wood yard, they noticed semen on the front of her skirt, down around the knee area. He testified that she wanted to get it off and suggested that he pour the Coke on the skirt. He poured Coke on the skirt and wiped it off.
¶ 6. The spots on the skirt were verified to be seminal fluid by an expert in the field of serology at the Mississippi Crime Lab. The expert testified that the tests indicated that the semen was deposited on the inside of the skirt. The parties stipulated "that the examination stains by DNA testing would prove" that the semen was that of Lofton.
¶ 7. Furthermore, the investigator from the district attorney's office, Jim Smith, questioned Lofton in the presence of the Sheriff of Lincoln County and the highway patrol investigator. All three testified that after Jim Smith stated, "we need to talk to you, Matt, about having sex with a fifteen year old girl," Lofton responded, "I thought she was sixteen."

DISCUSSION

I. WHETHER THE TRIAL COURT ERRED BY MAKING AN ALLEGED COMMENT ON THE EVIDENCE BEFORE THE JURY.
*1232 ¶ 8. Lofton's first assignment of error results from his counsel's closing argument as follows:
She [M.M.] said that he had sex with her for twenty minutes and she said that was the first time, and not one word of pain, not one word of hurt. Is that believable testimony that you can put in the bank or put in your heart and soul and say I believe it so much that I'm willing to find Matt Lofton guilty beyond a reasonable doubt. Not one word about pain
BY MR. LAMPTON:Excuse me, Your Honor, I don't believe that's an accurate characterization of the testimony.
BY THE COURT: I sustain. There was testimony to that effect. (as to the pain)
BY MR. DOWDY: Your Honor, may I be heard just a moment?
BY THE COURT: Yes, sir.
(DISCUSSION AT BENCH OUT OF HEARING OF JURY)
BY MR DOWDY: Your Honor, I move for a mistrial, now, the Court has commented on the evidenceJudge, you have commented on the evidence.
BY THE COURT: Ladies and gentleman, what was part of the testimony is what you remember the testimony to be, it's not what I say or what the lawyers say, it's your remembrance of the testimony. You think back over the last two days and you remember what you remember as being said, discuss that with your fellow jurors and determine what the facts are. Proceed, Mr. Dowdy.
¶ 9. Lofton argues that the trial court's comment prejudiced his case. He speculates that "the comment likely made the jury skeptical of everything else that defense counsel argued and left the counsel on uneven ground with prosecution." Mississippi Code Annotated section 99-17-35 (Rev.2000) states in part: "The judge in any criminal cause, shall not sum up or comment on the testimony, or charge the jury as to the weight of the evidence...." Id.
¶ 10. However, trial judge's may explain their rulings on objections "so long as they do not comment upon the evidence in a prejudicial manner." Wells v. State, 698 So.2d 497, 510 (Miss.1997). As the Mississippi Supreme Court has explained in Wells, the law
does not place the judge in a straitjacket nor prevent him from having anything to say during the course of a trial. Of course, he should keep off of the province of the jury, and not try to influence their verdict; and while it might be safer for him to rule without giving his reasons therefore, he has the right to give such reasons if he so desires, and to show why, in his opinion, the reasons advanced for a contrary ruling are unsound. In so doing, he may go too far and transgress the proprieties; but such is not the case here.... It is true that an overspeaking judge is no well-tuned cymbal, but ... neither is an aphonic dummy a becoming receptacle for judicial power.
Id. at 510; Stokes v. State, 548 So.2d 118, 125 (Miss.1989) (quoting Bumpus v. State, 166 Miss. 276, 281-82, 144 So. 897, 898-99 (1932)). Furthermore, the judge is vested with the discretion to determine whether the comment requires a mistrial to be declared. Alexander v. State, 602 So.2d 1180, 1182 (Miss.1992). If no irreparable prejudice has resulted, the judge should cure or remedy the situation by promptly admonishing the jury to disregard the comment. Id. at 1183.
¶ 11. In the present case, the trial court's reason for sustaining the objection was correct because M.M. had testified that after the defendant penetrated her, she "told him to stop cause it was hurting." The defense counsel had made an inaccurate *1233 characterization of the testimony. The court's statement that "there was testimony to that effect" did not weigh in on the testimony of either side. The comment did not "taint" the defense arguments because it simply stated that the evidence existed. It was a brief explanation of the ruling as allowed by Wells. Wells, 698 So.2d at 510.
¶ 12. In addition, the court admonished the jurors to rely on their own recollection of the testimony presented rather than the statements of the court and counsel. "It must be presumed that the jury will follow the court's instruction to disregard any inadvertent comments or evidence and to decide the case solely on the evidence presented. To presume otherwise would be to render the jury system inoperable." King v. State, 772 So.2d 1076, 1078(¶ 7) (Miss.Ct.App.2000). Thus, he clearly corrected any prejudicial effect caused by the statement.
¶ 13. Furthermore, M. M.'s testimony concerning her pain during penetration directly related to the charge of sexual battery, of which Lofton was acquitted. The jury obviously disregarded any prejudicial effect the comment may have had. Therefore, this assignment of error is without merit.

II. WHETHER THE TRIAL COURT ERRED BY EXCLUDING TESTIMONY REGARDING ALLEGED FALSE ALLEGATIONS MADE BY THE VICTIM AGAINST HER FATHER.
¶ 14. In another case, M. M. had accused her father of fondling her and later told the grand jury that the allegations were not true. In the present case, Lofton cross-examined M.M. and called the father to testify about the accusation. Outside the presence of the jury, M. M. admitted to making the statement to the grand jury, but explained why she recanted and confirmed that the allegations were in fact true. Her father testified that her allegations were false. The court did not allow this testimony into evidence. At trial, Lofton argued that M. M.'s accusations and subsequent recantment constituted a prior false accusation and should have been admitted under Mississippi Rule of Evidence 412. Rule 412(b)(2)(C) states that false allegations of past sexual offenses made by the alleged victim at any time prior to the trial may be admitted in accordance with subdivision (c). Alternatively, the State argued that Rule 412 was inapplicable because the allegation was not false for reasons given, and that the prejudicial effect of this evidence would outweigh any probative value.
¶ 15. The court ultimately denied the evidence because the defense had failed to comply with the fifteen day notice requirement of Rule 412(c). The evidence was furnished to Lofton during discovery in the notes titled "grand jury." The court also expressed that the "father was subpoenaed on the witness list at least a day or two before trial, something like this is a sensitive matter and it needs to be brought up ahead of time." Therefore, the court found that the defense possessed the information sought and expressed that Lofton should have appropriately notified the State earlier. Rule 412 provides in part:
(c)(1) If the person accused of committing a sexual offense intends to offer under subdivision (b) evidence of specific instances of the alleged victim's past sexual behavior or evidence of past false allegations made by the alleged victim, the accused shall make a written motion to offer such evidence not later than fifteen days before the date on which the trial in which such evidence is to be offered is scheduled to begin, except that the court may allow the motion to be made at a later date, including during trial, if the court determines either that the evidence is newly discovered and *1234 could not have been obtained earlier through the exercise of due diligence or that the issue to which such evidence relates has newly arisen in the case. Any motion made under this paragraph shall be served on all other parties and on the alleged victim.
Mississippi Rules of Evidence 412 (emphasis added).
¶ 16. The word "may" gives the court the discretion to relax the notice requirement for good cause shown. To prevail on his challenge to the court's ruling, Lofton is required to overcome the presumption of correctness and to show that the court abused its substantial discretion in excluding this evidence.
¶ 17. Lofton now argues that the information could not have been obtained earlier because it was in a sealed Department of Human Services file and the sheriff could not locate the father until recently, and therefore, the rule allowed the judge to admit the evidence during trial.
¶ 18. Our review of the record reveals that Lofton could have given the State notice of his intention to offer such evidence before the trial, but did not. The information of the prior accusation was provided to him in the first part of discovery in the file titled "Grand Jury Notes." Contrary to the allowance in Rule 412(c)(1), this information was provided, available, and could have been discovered earlier through the exercise of due diligence. Thus, this information can not be considered newly discovered evidence which could not have been obtained earlier as argued by Lofton.
¶ 19. In Levy v. State, 724 So.2d 405(¶ 19) (Miss.Ct.App.1998), this Court held that failure to give timely notice and qualify for a procedural exception under Rule 412(c) would not warrant a reversal of the trial court's decision to deny testimony regarding the prior sexual conduct of the victim. In the present case, notice was not provided to the State fifteen days prior to trial and as explained above the evidence did not qualify as an exception under Rule 412(c). The testimony was procedurally barred from being admitted. Therefore, the court did not abuse its discretion or err in excluding this testimony on the ground that Lofton failed to comply with the notice requirement.
¶ 20. Furthermore, Lofton's guilt of the offenses of fondling and contributing to the delinquency of a minor was established not only by M. M.'s testimony, but by his own. He gave her cigarettes on numerous occasions while she was under the age of sixteen and he testified that he kissed her, in addition to having an orgasm during their encounter on the night of October 29, 2000. His ejaculation resulted in two spots of semen on M. M.'s skirt. In an attempt to cover up or wash off the semen spots, Lofton stated that he poured Coke on the skirt. M. M.'s sister's testimony confirmed that M.M. had wet spots on her skirt when she returned home that night. The expert in the field of serology that performed the analysis on the skirt verified that the spots on the skirt were semen. After further testing, she concluded that semen was deposited on the inside of the skirt which would also support M. M.'s testimony that Lofton pulled her skirt up during the encounter verses his version that she stimulated him with her hand inside of his shorts.
¶ 21. Mississippi Code Annotated section 97-5-23 (Rev.1998) states in part that "any person above eighteen (18) years, who, for the purpose of gratifying his or her lust ... shall handle, touch or rub with hands or any part of his or her body or any member thereof, any child under the age of sixteen (16) years, with or without the child's consent, ... shall be guilty...." Therefore, in addition to the admitted kissing, the verified semen stains *1235 on the clothing of the victim also provided significant evidence that a "touching" within the meaning of section 97-5-23 did occur. Three investigators also testified that after Lofton was questioned about having sex with a fifteen year-old, M. M., Lofton responded, "I thought she was sixteen." Lofton's response to the investigators also confirmed that at least the "touching" had occurred.
¶ 22. Moreover, on the count which would have required acceptance of M. M.'s testimony as opposed to his version of what happened, the jury found him not guilty. Under theses circumstances the court's ruling on this issue could not have affected the judgment and therefore is not reversible error. DeLoach v. State, 722 So.2d 512, 520(¶ 34) (Miss.1998) (error in evidentiary ruling was harmless in light of overwhelming evidence of guilt); Lacy v. State, 629 So.2d 591, 593 (Miss.1993) (error in excluding testimony did not result in a miscarriage of justice). Thus, this assignment of error is without merit.

III. WHETHER THE TRIAL COURT ERRED WHEN IT GRANTED STATE'S JURY INSTRUCTION S-1.
¶ 23. Lofton contends instruction S-1 was misleading in that it "may have led [jurors] to believe that all the State was required to show was that the victim was under the age of sixteen, the defendant was over the age of eighteen and that touching occurred." He further argues that the State failed to properly instruct the jury as to the elements of the offense, particularly that "the State had to prove that it was the defendant's intent to gratify lust or indulge in incentious [sic] desires."
¶ 24. The law in this state is clear regarding jury instructions. If the instructions given provide correct statements of the law and are supported by the evidence, there is no prejudice to the defendant. Johnson v. State, 792 So.2d 253, 258(¶ 16) (Miss.2001). If the instructions fairly announce the law of the case and create no injustice, no reversible error will be found. Fielder v. Magnolia Beverage Co., 757 So.2d 925, 929(¶ 10) (Miss.1999).
¶ 25. Given jury instruction S-1 reads in part as follows:
The law places strict accountability on an adult to determine the age of a child. There is no defense under the law of the State of Mississippi as "mistake of age". The State is not required to prove that Matt Lofton believed that [M.M.] was under the age of sixteen years.
. . .
Further, if you believe from the evidence in this case, beyond a reasonable doubt that on or about 29th day of October, 2000, in Lincoln County, Mississippi, the said Matthew W. Lofton, a male person twenty-three years of age, did willfully, unlawfully and feloniously touch with his hands the body of one [M.M.], a child under the age of sixteen years, for the wilful, unlawful and felonious purpose of then and there gratifying his lust, then you should find the said Matthew W. Lofton guilty of touching, handling, etc. child for lustful purpose.
. . .
(emphasis added).
¶ 26. Mississippi Code Annotated section 97-5-23 (Rev.1998) provides in part:
(1) Any person above the age of eighteen (18) years, who, for the purpose of gratifying his or her lust, or indulging his or her depraved licentious sexual desires, shall handle, touch or rub with hands or any part of his or her body or any member thereof, any child under the age of sixteen (16) years, with or without the child's consent,....
(emphasis added).
¶ 27. We find that the instruction was a clear and correct statement of the law and *1236 therefore, not prejudicing Lofton. Johnson, 792 So.2d at 258(¶ 16). The language satisfied the elements of section 97-5-23 by requiring the jury to find that the touching was "for the wilful, unlawful and felonious purpose of then and there gratifying [Lofton's] lust" before they could return a verdict of guilty. Therefore, this assignment of error is without merit.

IV. WHETHER THE COURT COMMITTED ERROR WHEN IT FAILED TO INSTRUCT THE JURY REGARDING RULE 404(b) EVIDENCE.
¶ 28. The State questioned Lofton concerning his involvement in a prior sexual relationship with a sixteen year-old female. The defense objected and the court conducted a M.R.E. 403 balancing test. In concluding that the probative value of the testimony outweighed the prejudicial value, the court reasoned that Lofton was on cross-examination and a proper predicate for impeachment had been laid by the State's attorney. Lofton did not request a cautionary instruction and the court did not sua sponte give a limiting instruction. We find this error to be harmless.
¶ 29. Relying solely on Webster v. State, 754 So.2d 1232 (Miss.2000), Lofton asserts that the court erred in failing to give a cautionary instruction. In Webster, the Mississippi Supreme Court held that whenever Rule 404(b) evidence of another crime is offered, a cautionary instruction must be given to the jury. Id. at 1240(¶ 19). However, we find that Webster also held "that harmless error analysis is applicable in cases where the trial court does not sua sponte give the required limiting instruction when M.R.E. 404(b) evidence is admitted." Webster, 754 So.2d at 1240(¶ 22). "An error is harmless when it is apparent on the face of the record that a fair-minded jury could have arrived at no verdict other than that of guilty." Floyd v. City of Crystal Springs, 749 So.2d 110, 120(¶ 37) (Miss.1999) (citing Forrest v. State, 335 So.2d 900, 903 (Miss.1976)).
¶ 30. In the present case, the evidence of Lofton's guilt was overwhelming as explained in assigned error two and a fair-minded jury could not have arrived at a verdict other than guilty. Therefore, the overwhelming evidence of guilt on counts two and three renders harmless the court's failure to give a limiting instruction sua sponte.

V. WHETHER THE TRIAL COURT ERRED IN ALLOWING EVIDENCE OF THE DEFENDANT'S PRIOR SEXUAL RELATIONSHIP WITH A SIXTEEN YEAR OLD FEMALE, WHICH WAS NOT PRODUCED DURING DISCOVERY.
¶ 31. The defense was first made aware of the prosecution's intent to use the prior relationship between the defendant and a sixteen year old female when the questions were asked on cross-examination. Lofton's counsel objected and requested a mistrial. The trial court denied his motion. Lofton now asserts that the trial court was in violation of Uniform Circuit and County Court Rule 9.04 for not granting a mistrial, a continuance, or excluding the evidence because it was not provided at discovery. Uniform Circuit and County Court Rule 9.04 states, in relevant part:
"If during the course of trial, the prosecution attempts to introduce evidence which has not been timely disclosed to the defense as required by these rules, and the defense objects to the introduction for that reason, the court shall act as follows:
1. Grant the defense a reasonable opportunity to interview the newly discovered witness, to examine the newly produced documents, photographs or other evidence; and

*1237 2. If, after such opportunity, the defense claims unfair surprise or undue prejudice and seeks a continuance or mistrial, the court shall, in the interest of justice and absent unusual circumstances, exclude the evidence or grant a continuance for a period of time reasonably necessary for the defense to meet the non-disclosed evidence or grant a mistrial."
¶ 32. Contrary to Lofton's contention, this Court has also held many times that "a violation of Rule 9.04 is considered harmless error unless it affirmatively appears from the entire record that the violation caused a miscarriage of justice." Wooten v. State, 811 So.2d 355 (Miss.Ct. App.2001); Prewitt v. State, 755 So.2d 537, 540-41(¶ 11) (Miss.Ct.App.1999); Buckhalter v. State, 480 So.2d 1128, 1128 (Miss. 1985).
¶ 33. As stated above, his convictions of fondling and contributing to the delinquency of a minor were supported by the overwhelming weight of the evidence including his own admissions. Lofton has failed to sustain his burden and demonstrate that the admission of this testimony worked a miscarriage of justice. Therefore, this assignment of error is without merit.
¶ 34. THE JUDGMENT OF THE CIRCUIT COURT OF LINCOLN COUNTY OF CONVICTION OF COUNT II TOUCHING A CHILD FOR LUSTFUL PURPOSE AND SENTENCE OF FIVE YEARS WITH FIRST TWO TO SERVE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND THREE YEARS OF POST-RELEASE SUPERVISION AND FINE OF $1,000; COUNT III CONTRIBUTING TO THE DELINQUENCY OF A MINOR AND FINE OF $250 AND PAY $1,000 TO THE CRIME VICTIM'S COMPENSATION FUND IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, MYERS AND CHANDLER, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY.