ISHEE, J.,
for the Court:
¶ 1. Eddie Lee Saunders was tried and convicted of murder in the Circuit Court of Forrest County. Two days after the conviction, Saunders, a habitual offender, was sentenced to life in the custody of the Mississippi Department of Corrections without eligibility for probation or parole. Aggrieved, he now appeals his conviction. Finding no error, we affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. Charles Harris left his cell phone lying on the counter at the Handy Pantry in Hattiesburg, Mississippi. Alex Anderson picked up the phone and, in an effort to return the phone, arranged to *536 meet with Harris. Anderson agreed to exchange the phone for fifty dollars; however, he told Harris his name was “Duke.” In fact, “Duke” was the nickname of a teenager from the area, Charles Moore.
¶ 3. After Anderson failed to show at the arranged meeting to return the phone, Harris and Saunders (Harris’s uncle) began looking for the phone and for “Duke.” While attempting to find the phone and to track down “Duke,” the two men learned where “Duke’s” mother lived. After numerous failed attempts to find “Duke” and the phone, Harris and Saunders decided to go back to Saunders’s house.
¶ 4. Upon arriving at Saunders’s home, Saunders instructed Harris to pull up next to the mailbox. At the same time, a white vehicle being driven by Moore a/k/a “Duke” drove up near Saunders and Harris, as they were sitting in their car. Saunders got out of his car and fired a gun several times at Moore’s car, killing Moore. Saunders then got back into the vehicle, pointed the gun at Harris, and told him to drive.
¶ 5. Saunders eventually showed up at the house of Richard McBride. McBride testified that Saunders told him and his grandmother that he had shot someone. Saunders left McBride’s home and tossed the gun into a nearby backyard. Saunders was arrested while running back towards McBride’s house.
¶ 6. Saunders was tried and convicted of murder in the Circuit Court of Forrest County. He was sentenced as a habitual offender pursuant to Mississippi Code Annotated section 99-19-83 (Rev.2006) to serve a life sentence in the custody of the Mississippi Department of Corrections with no eligibility for parole or early release.
DISCUSSION

I. Motion for Mistrial

¶ 7. Saunders believes that testimony which referenced his prior incarceration was substantially and irreparably prejudicial. Therefore, the trial court was in error in denying his motion for mistrial. We disagree.
¶ 8. The standard of review for denial of a motion for mistrial is abuse of discretion. Rollins v. State, 970 So.2d 716, 720 (¶ 10) (Miss.2007). Further, the Mississippi Supreme Court, with regards to the trial court’s discretion in declaring a mistrial has stated:
The trial court must declare a mistrial when there is an error in the proceedings resulting in substantial and irreparable prejudice to the defendant’s case. Miss. Unif. Crim. R. Cir. Ct. Prac. 5.15. The trial judge is permitted considerable discretion in determining whether a mistrial is warranted since the judge is best positioned for measuring the prejudicial effect. Roundtree v. State, 568 So.2d 1173, 1178 (Miss.1990). When the trial judge determines that the error does not reach the level of prejudice warranting a mistrial, the judge should admonish the jury to disregard the impropriety in order to cure its prejudicial effect. Perkins v. State, 600 So.2d 938, 941 (Miss.1992); Estes v. State, 533 So.2d 437, 439 (Miss.1988).
Gossett v. State, 660 So.2d 1285, 1290-91 (Miss.1995).
¶ 9. First, Saunders complains of testimony that was in response to his counsel’s questions. “Generally, an appellant cannot complain of damaging testimony if the testimony is in response to his questions.” Triggs v. State, 803 So.2d 1229, 1234 (¶ 14) (Miss.Ct.App.2002). It is clear the testimony about which Saunders complains came in direct response to a ques *537 tion asked during his cross-examination of the witness.
¶ 10. Once the trial court determined the comment did not rise to the level of prejudice which would require a mistrial, the judge admonished the jury to disregard the comment. The Mississippi Supreme Court has held: “The better remedy for an improper comment or question that has been put before the jury is for the court to admonish the jury not to consider the improper statement.” Hughes v. State, 735 So.2d 238, 256 (¶ 65) (Miss.1999). Furthermore, “[i]t must be presumed that the jury will follow the court’s instruction to disregard any inadvertent comments or evidence and to decide the case solely on the evidence presented. To presume otherwise would be to render the jury system inoperable.” Lofton v. State, 818 So.2d 1229, 1233 (¶ 12) (Miss.Ct.App.2002).
¶ 11. The trial court did not abuse its discretion in denying Saunders’s motion for a mistrial. Accordingly, this issue is without merit.

II. Weight of the Evidence

¶ 12. As to Saunders’s challenge to the weight of the evidence, this Court “will only disturb a verdict when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice.” Bush v. State, 895 So.2d 836, 844 (¶ 18) (Miss.2005). The court in Bush noted:
We have stated that on a motion for a new trial, the court sits as a thirteenth juror. The motion however, is addressed to the discretion of the court, which should be exercised with caution, and the power to grant a new trial should be invoked only in exceptional cases in which the evidence preponderates heavily against the verdict.
Id. Saunders has failed to overcome this burden. Specifically, the State provided evidence that: Saunders was in possession of a gun; the bullet that was removed from the victim’s body was fired from Saunders’s gun; Saunders showed up at the house of Richard McBride with a gun, and Saunders told his grandmother and McBride that he had shot someone.
¶ 13. We find there was sufficient evidence before the jury to return a verdict of guilty; therefore, this issue is without merit.
¶ 14. THE JUDGMENT OF THE FORREST COUNTY CIRCUIT COURT OF CONVICTION OF MURDER AND SENTENCE OF LIFE AS A HABITUAL OFFENDER WITHOUT ELIGIBILITY FOR PROBATION OR PAROLE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO FORREST COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., MYERS, BARNES, CARLTON AND MAXWELL, JJ., CONCUR. ROBERTS, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.